499 P.2d 276

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Rondo EASTMOND, Defendant and Appellant.**

**No. 12789.**

Supreme Court of Utah.

July 11, 1972.

Gary D. Stott, Provo, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Chief Asst. Atty. Gen., William T. Evans, David R. Irvine, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice:

This is an appeal from an order of the juvenile court committing defendant, Rondo Eastmond, age 17, to the Utah State Industrial School for an offense which if committed by an adult would be second degree burglary.[1] Defendant charges the

1. As to noncriminal status of proceedings and convictions in juvenile court, see Section 55–10–105, U.C.A.1953.

trial court with error for admitting evidence obtained by an allegedly illegal search and seizure, and for its finding that he was in joint possession of stolen property.

At approximately 3:00 o'clock a. m. on November 2, 1971, Richard Murdock, a Payson City police officer, observed the lights of a car flash on and the car pull away from the Nebo Medical Clinic in Payson. He followed and stopped the car, a 1964 blue and white Ford. There were three teenage boys in the front seat, defendant in the center. Response to the officer's questions revealed that they were from Orem, a few miles away. Upon their "explanation" as to their presence in Payson at the late hour, they were allowed to proceed. Within a few minutes the officer in checking the Medical Clinic discovered a broken window and an unlocked door. He radioed a request to have the Ford car stopped. This was soon done near Provo by other officers.

After Officer Murdock arrived, he talked to the occupants, ordered defendant and the other juvenile, Mark Simmons, to get into another police car, and told the driver, David Groneman, age 18, that he was under arrest. In the car there were visible to the officer one flashlight on the seat, another on the floorboards, a small black leather bag of a kind used by doctors, and also a plastic bottle of a type used in doctors' offices, with the word "alcohol" printed thereon. Dr. Mangelson of the Clinic later made positive identification of the black bag and one of the flashlights as belonging to him.

Defendant and the other juvenile, Mark Simmons, were taken into custody and were duly advised of their constitutional rights, and that they were being held for the burglary of the Nebo Medical Clinic. Later that day, in making an inventory of the Ford automobile, the officer found a hypodermic syringe and four $5 bills and four $1 bills which corresponded in amount to $24 missing from Dr. Mangelson's office.

In regard to the contention that it was error to admit the items mentioned above in evidence because they were taken by an illegal search and seizure, the prosecution has a "two strings to its bow" justification: (a) that whatever search was made was incident to a lawful arrest,[2] and (b) that the essential part of the incriminating evidence was "a plain view discovery" which did not require any search as such.[3]

Defendant contends that Officer Murdock did not have "reasonable cause" to make an arrest, and that there was no justification for the search and seizure of the

2. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950).

3. State v. Martinez, 28 Utah 2d 80, 498 P.2d 651 (1972); State v. Allred, 16 Utah 2d 41, 395 P.2d 535 (1964).

evidence. Our statute, Section 77–13–3, U.C.A.1953, states:

. . . A peace officer may . . . without a warrant, arrest a person:

\* \* \* \* \* \*

(3) When he has reasonable cause for believing the person to have committed a public offense, although not in his presence, and there is reasonable cause for believing that such person before a warrant can be obtained and served may:

(a) Flee the jurisdiction or conceal himself to avoid arrest, or

(b) Destroy or conceal evidence of the commission of the offense, . . .

(4) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

\* \* \* \* \* \*

(6) At night, when there is reasonable cause to believe that he has committed a felony.

 In performing his duties as authorized by this statute, a police officer is not required to meet any such standard of perfection as to demand an absolutely certain judgment before he may act.[4] The test to be applied is one which is reasonable and practical under the circumstances: whether a reasonable and prudent man in his position would be justified in believing facts which would warrant making the arrest.[5] In ruling on the admissibility of evidence so obtained, the questions as to the validity of the arrest and the justification for any search made in connection therewith are primarily for the trial court to determine; and on appeal we respect that prerogative and do not upset his determination unless it clearly appears that he was in error. Applying the rules just stated to the factual situation shown in this case, we see no reason to disagree with the view taken by the trial court that there was justification both for the arrest, and for such search as was made in connection therewith. This is particularly so in view of the practical necessity of indulging greater liberality as to the reasonableness of making a search of an automobile (or other mobile things) than such permanently placed things as a home or other building.[6]

Because of what has been said above and the conclusion just stated, it is unnec-

---

4. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

5. See Stacey v. Emery, 97 U.S. 642, 24 L.Ed. 1035 (1878); and State v. Lopez, 22 Utah 2d 257, 451 P.2d 772 (1969);

Martinez v. People, 168 Colo. 314, 451 P.2d 293 (1969).

6. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). This same principle was reiterated in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

essary to go into any extensive detail or discussion as to justification of the officer's obtaining the evidence under the "observation in plain sight rule." [7]

█ Nevertheless, it seems appropriate to make these further observations: The physician's-type bag, the alcohol bottle, and the presence of two flashlights would seem to provide a reasonable basis for the officer to connect the defendants with the burglary he had just discovered at the Medical Clinic. In such circumstances, where the officer observes some property in plain sight which he has good reason to believe is stolen, the protection against unreasonable searches does not prevent him from making further reasonable search of the immediate area to see if there is other stolen property.

Defendant's final contention is that it was not shown that he was in possession of the recently stolen property and that it should not have been admitted in evidence nor considered as evidence of his guilt. It should be kept in mind that our statutory rule that when one who is found in possession of recently stolen property fails to make a satisfactory explanation of his possession that may be considered as evidence of his guilt of larceny is but a codification of a natural process of deductive reasoning.[8] The same process of reasoning applies to other crimes regardless of statute. If a person is found in possession of or involved with the product of a crime, it is but natural to suppose that if he is innocent, and he says anything at all, it will be a reasonable and satisfactory explanation.[9]

█ In this instance the defendant testified that he was alseep part of the time while they were in Payson, and that he did not know the items referred to were in the car. The trial judge was not obliged to believe his self-serving testimony. He was certainly involved in the presence of the stolen articles which appeared to have been stolen a short time before and which were in plain sight. In view of the total circumstances shown by the evidence we think there was a reasonable basis therein upon which reasonable minds (the trial judge) could believe beyond a reasonable doubt that the defendant was guilty.

Affirmed. No costs awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.

7. See footnote 3.

8. Gransbury v. State, 64 Okl.Cr. 408, 81 P.2d 874, 876. The court said: "Burglary is one degree removed from larceny; but when the facts in evidence warrant the finding of the larceny, and the surrounding circumstances are such as to show that the larceny could not have been committed without the burglarious entry, the evidence is sufficient to warrant the finding of the burglary also," quoted in State v. Thomas, 121 Utah 639, 244 P.2d 653 (1952); see also cases cited therein.

9. Ibid; and see also State v. Brooks, 101 Utah 584, 126 P.2d 1044 (1942).