501 P.2d 264

STATE of Utah, Plaintiff and Respondent,

v.

E. D. KNAPP, Defendant and Appellant.

No. 12777.

Supreme Court of Utah.

Sept. 21, 1972.

Richard W. Giauque, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Chief Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

The defendant appeals from a jury verdict of guilty of grand larceny and the sentence imposed pursuant thereto.

The basis of the appeal is a claimed violation of the appellant's constitutional right in the admission into evidence of certain articles of personal property which he claims were obtained by means of an illegal search.

It is interesting to note that in his brief on appeal the defendant does not contend that he is not guilty of the crime with which he was charged or that the evidence does not support the verdict. He merely bases his right to be at large upon some cases decided by the Supreme Court of the United States which seem to be based upon the idea that the issue of guilt or innocence is secondary to the proposition that the officer may have trespassed a wee bit when he got the evidence which convicted the defendant. Without pointing out the mischief of those decisions, it is enough to say that in this matter those cases do not aid the appellant.

The property which defendant was accused of stealing consisted of finished doors and lumber and material. The sheriff in the course of his investigation went to a house under construction on defendant's land. There the sheriff recognized a door to the unfinished house and other items in the house but in plain view from the outside as being some of the stolen articles. This door was cleary visible from the street.

The defendant was not present. The next day the sheriff returned to the structure and removed some stolen copper tubing from the house which was in plain view from the outside.

There was no violation of any constitutional right of the defendant when the sheriff saw the stolen property or when he seized the copper tubing. The judgment of conviction and sentence thereon are affirmed.

CALLISTER, C. J., and TUCKETT, HENRIOD, and CROCKETT, JJ., concur.