509 P.2d 362

Denyse A. DAVIS, Plaintiff and Appellant,

v.

ZIONS COOPERATIVE MERCANTILE IN-
STITUTION, Defendant and Respondent.

No. 13097.

Supreme Court of Utah.

April 24, 1973.

Robert M. McDonald, Jones, Waldo, Hol-
brook & McDonough, Salt Lake City, for
plaintiff and appellant.

John H. Snow, and Stephen B. Austin,
Worsley, Snow & Christensen, Salt Lake
City, for defendant and respondent.

HENRIOD, Justice.

Appeal from a summary judgment dis-
missal of a false arrest complaint. Affirm-
ed, with costs to defendant.

The uncontradicted facts in this case de-
veloped in the discovery process under the
rules indicate that plaintiff and her sister

went to defendant's store, looked at dresses, took four into a dressing room, where her sister stole one and shoved it into a bag, returning three to the clerk, making the mistake of leaving the hanger of the fourth on a hook, which an alert clerk noticed. The latter called a female security guard, who accompanied plaintiff and her sister to another part of the store, confronted them with the evidence and finally had both arrested for shoplifting. The sister was convicted and paid a fine. Plaintiff throughout said absolutely nothing to indicate she was not particeps to the theft until after she and her sister were booked in jail. They were released in less than an hour on bail, without any protestation of innocence.

Under these facts the plaintiff asks $180,-000 on the basis of an affidavit and some rather ambulatory answers in a deposition, which were not material or over-unimpressive.

▮▮▮▮ There appears to be no genuine issue of fact here. Unquestionably, the store had probable cause in effecting the detention of both sisters without any legal requirement to respond in damages for an unwarranted false arrest under Utah legislation,[1] and that the trial court's decision is supported by respected authority,[2]—even where the person detained is not found guilty, as was the case here.

ELLETT and CROCKETT, JJ., concur.

TUCKETT, Justice (dissenting).

I dissent. The plaintiff was detained by employees of the defendant pursuant to the provisions of Section 77–13–30, U.C.A. 1953, which reads as follows:

A peace officer, or a merchant, a merchant's employee, servant or agent, who has reasonable and probable ground for believing that goods held or displayed for sale by the merchant have been taken by a person with intent to steal may, for the purpose of investigating such unlawful act and attempting to effect a recovery of said goods, detain such person in a reasonable manner for a reasonable length of time.

It would appear that the sole ground for detaining plaintiff was the fact that she was in the company of her older sister who admittedly was guilty of shoplifting. Investigation by the defendant's employees should have made them aware of the fact that their detention of Denyse was on tenuous grounds. I perceive there are issues of fact as to whether or not the defendant had reasonable and probable ground for the

1. Title 77–13–30, 32, Utah Code Annotated 1953 (Pocket Supp.).

2. 55 Minnesota Law Review 825 (1971); State v. Eastmond, 28 Utah 2d 129, 499 P.2d 276 (1972); Dillon v. Carrington, 169 Colo. 242, 455 P.2d 201 (Colo.1969).

detention of the plaintiff, and whether such detention was carried out in a reasonable manner and for a reasonable length of time.[1] I am of the opinion that the plaintiff is entitled to have her case submitted to a jury for their determination and the court erred in granting summary judgment.

CALLISTER, C. J., concurs in the dissenting opinion of TUCKETT, J.

1. Lukas v. J. C. Penney Co., 233 Or. 345, 378 P.2d 717.