**STATE of Utah, in the Interest of K. K. C., a person under the age of eighteen years.**

No. 16754.

Supreme Court of Utah.

Sept. 4, 1981.

Robert M. McRae, Vernal, for appellant.

David L. Wilkinson, Salt Lake City, for respondent.

## PER CURIAM:

The juvenile appeals from an order of the juvenile court finding that he was in unlawful possession of a controlled substance, an alcoholic beverage and tobacco, §§ 58–37–8(2)(a)(i), 32–7–15.4, and 76–10–105, and ordering him to the Youth Development Center for purposes of evaluation and continued disposition. All statutory references are to U.C.A., 1953, as amended. We affirm.

The juvenile's sole argument on appeal is the violation of his right to be free of unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Utah Constitution. Though assumption of jurisdiction under § 78–3a–16(1) does not constitute conviction of a criminal offense, § 78–3a–44, courts have nonetheless extended many protections of the criminal justice system to juveniles who have allegedly violated the law, *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), including the exclusionary rule relating to illegally seized evidence. *In Re Mitchell P.*, 22 Cal.3d 946, 151 Cal.Rptr. 330, 587 P.2d 1144 (1978); *In Re Robert T.*, 8 Cal.App.3d 990, 88 Cal.Rptr. 37 (1970). We therefore address the juvenile's contention of infringement of his constitutional rights by an unreasonable search and seizure.

On September 28, 1979, at approximately 11:15 p.m., the juvenile and a friend were seated in an unlit, parked pickup truck in the parking lot of the Vernal Junior High School. There had been problems with littering in the parking lot and a number of complaints had been received by the Vernal City Police. Officer Paul Parker of the Vernal City Police Department approached the juvenile's truck in the process of stopping each vehicle and telling the occupants to keep their litter in their vehicles. Officer Parker approached the juvenile's truck on the driver's side, where the juvenile was seated, shined a flashlight through the window, and knocked on the window. When the juvenile rolled the window of the pickup down, Officer Parker could see two open and partially empty bottles of beer on the seat between the juveniles. The officer also observed a "roach clip" hanging from the vehicle's rear view mirror. Upon seeing these items, Officer Parker ordered the two young men out of the pickup. As the juvenile was exiting the vehicle, Officer Parker noticed his youthful appearance, that he smelled strongly of beer, and that his eyes were very bloodshot.

When the two occupants were out of the pickup, Officer Parker searched the cab and bed of the vehicle. As a result of this search, he found a small bag of marijuana under a floor mat in the cab. Another bag of marijuana was discovered in a case designed to hold audio tapes which was located in the pickup cab. The officer also found several unopened bottles of beer in a cooler located in the bed of the pickup. Another opened bottle of beer was found in the bed of the pickup. This appeal follows the denial of the juvenile's motion to suppress this evidence at trial. We find that the motion to suppress was properly denied because the challenged evidence was secured in a search incident to a lawful arrest.

■ At the outset, it is clear that there can be no valid seizure or evidentiary objection to the two beer bottles on the seat of the pickup, since objects falling within the plain view of an officer from a position where he is entitled to be are not the subject of an unlawful search. *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19

L.Ed.2d 1067 (1968); *State v. Lee*, Utah, 633 P.2d 48 (1981); *State v. Echevarrieta*, Utah, 621 P.2d 709 (1980).

 The juvenile challenges the validity of the officer's search of the pickup, which resulted in the officer's finding two bags of marijuana, one under the floor mat and one in an unlocked tape case, and several more bottles of beer in a cooler in the bed of the pickup. The general rule is that searches without a warrant are per se unreasonable. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *State v. Kent*, 20 Utah 2d 1, 432 P.2d 64 (1967).

One of the well-established exceptions to the warrant requirement justifies warrantless searches and seizures incident to a lawful arrest. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *State v. Austin*, Utah, 584 P.2d 853 (1978); *State v. Eastmond*, 28 Utah 2d 129, 499 P.2d 276 (1972). The first question in this case is whether the search in question was a proper search incident to an arrest. The second question is whether the arrest was lawful.

 The record in this case does not disclose whether the challenged search was conducted before or after the juvenile was arrested. But even if the search was conducted immediately before the formal arrest, this would not invalidate the search nor preclude its characterization as being incident to the arrest since the two events were substantially contemporaneous, and probable cause for the arrest existed independent of evidence obtained from the search. *State v. White*, Utah, 577 P.2d 552 (1978). The juvenile was standing near the side of the pickup at the time of the arrest and search. The pickup bed being "within his immediate control," *New York v. Belton*, —— U.S. ——, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981); *Chimel v. California*, 395 U.S. 752, 762–763, 89 S.Ct. 2034, 2039–40, 23 L.Ed.2d 685 (1969), the beer found as a result of the search of the pickup bed was admissible.

 The search of the pickup cab which resulted in the discovery of the marijuana in the audio tape case was a permissible search incident to an arrest, as the United States Supreme Court held recently in *New York v. Belton, supra.* In that case, the Court approved of a warrantless search of the zippered pocket of a jacket (which the Court characterized as a "container") found in the passenger compartment of a car as a "search incident to a lawful arrest." The case at bar is very similar. In both, the searches were conducted incident to a lawful warrantless arrest, the defendants were standing unrestrained outside the motor vehicles at the time the searches were conducted, and the challenged evidence was found in a "container" in the passenger compartments of the recently occupied vehicles in positions not open to public view. Significantly, the tape case "container" in which the marijuana was found in this case was not a sealed, closed container for which a search warrant is required under *Robbins v. California*, —— U.S. ——, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981).

Was the arrest lawful? Section 77–7–2 gives a police officer authority to make warrantless arrests:

> (3) When he has reasonable cause to believe the person has committed a public offense, and there is reasonable cause for believing the person may:
>
> (a) Flee or conceal himself to avoid arrest;
>
> (b) Destroy or conceal evidence of the commission of the offense; or
>
> (c) Injure another person or damage property belonging to another person.

"Reasonable cause" was defined by this Court in *State v. Hatcher*, 27 Utah 2d 318, 320, 495 P.2d 1259, 1260 (1972), and in *State v. Eastmond*, 28 Utah 2d 129, 499 P.2d 276, 278 (1972). Those interpretations are in accord with the standard declared by the United States Supreme Court for warrantless arrests in *Draper v. United States*, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959), quoting *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1924):

> Probable cause exists where the facts and circumstances within [the arresting officer's] knowledge and of which they

**1047**

had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.

See also, *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964).

In the instant case, there was reasonable cause for Officer Parker to arrest the juvenile. Upon approaching the truck and speaking with the juvenile, Officer Parker noticed that he was under the age of 21, appeared sleepy, had very bloodshot eyes, and was slow to respond to the officer's queries. The officer had an unobstructed view of two bottles of beer on the truck seat between the juvenile and his companion. The above facts constitute reasonable cause for the officer to believe that the juvenile was in possession of alcohol in violation of § 37–7–15.4. In cases such as this, where the suspect is seated in an operable motor vehicle and the evidence is a type that is easily disposed of, there is clearly reasonable cause for an officer to believe that the suspect may conceal himself to avoid arrest or destroy or conceal evidence before a warrant could be obtained. The warrantless arrest of defendant was therefore appropriate under § 77–7–2.

In light of the discussion above, we need not discuss whether the search would be justified under the "automobile exception" to the warrant requirement.

For the reasons set out above, the search in question was not a violation of the juvenile's constitutional rights and the denial of his motion to suppress was not error.

The order of the juvenile court is affirmed.