The **STATE** of Utah, Plaintiff and Appellant,

v.

Eugene O. **CHRISTENSEN**, Defendant and Respondent.

No. 18365.

Supreme Court of Utah.

Jan. 17, 1984.

William K. McGuire, Farmington, David L. Wilkinson, Robert N. Parrish, Salt Lake City, for plaintiff and appellant.

C. DeMott Judd, Jr., Ogden, for defendant and respondent.

STEWART, Justice:

This is an interlocutory appeal from a motion to suppress a container seized from the defendant's truck and a statement by the defendant that he was the owner and driver of the truck. The defendant was charged with assault by a prisoner. At a pre-trial hearing, the defendant moved to suppress the above evidence, and the trial court granted the motion. We reverse in part, affirm in part and remand.

## I.

On September 24, 1981, the Layton City Police Department received a citizen's report that a pickup truck with a house trailer in tow was stalled in a road and that a man was seen staggering away from the truck down the center of the road. Officers James Andrews and Roger Foote were dispatched to investigate. When they ar-

rived on the scene, they found the abandoned truck at the side of the road, with the two rear wheels of the house trailer partially obstructing traffic.

Some time earlier, the defendant Christensen and his son had been traveling in the pickup truck when the truck ran out of gas and stalled in the place where the officers found it. The defendant waited in the truck while his son walked to his nearby home to get some gas. Becoming impatient, the defendant started down the road after his son and met him as he was returning with the gas. The two drove up shortly after the officers arrived. The defendant testified that when he returned he saw that the officers had "been through the truck and had a bottle sitting up on the truck." There was no evidence in the record of where the bottle was found, or its description or contents. However, at the pre-trial hearing the defense attorney stated to the district court that "the officers had searched the vehicle and had taken an open container of alcoholic beverage out of the car."

When the defendant and his son left the son's car and approached the pickup truck, one of the officers asked the defendant if he were the owner and driver of the truck. The defendant stated that he was. Detecting alcohol on the defendant's breath, the officer conducted a field sobriety test, which indicated that the defendant was intoxicated. The officer then arrested the defendant for driving under the influence, see U.C.A., 1953, § 41–6–44 (1981 ed.), and possession of an open alcoholic container in a motor vehicle, see U.C.A., 1953, § 41–6–44.20 (1981 ed.).

During the arrest of the defendant, one of the officers "roughed up" the defendant by throwing him across the hood of the patrol car. The defendant claims that he suffered from a pre-existing spinal injury that was seriously aggravated by the officer's mistreatment. Later, when the defendant was inside the patrol car, he kicked the officer in the leg. The defendant claims that he was acting in self-defense, while the officer claims that the defendant

acted in retaliation. While being booked at the police station for the DUI and open container violations, the defendant allegedly punched the same officer in the face. Based on his alleged punching and kicking of the officer, the defendant was charged with two counts of assault by a prisoner, U.C.A., 1953, § 76–5–102.5.

A circuit court judge dismissed the DUI and open container charges and bound the defendant over to the district court for trial on the assault by a prisoner charge. The defendant filed a pre-trial motion to suppress the container found in the pickup truck and his admission that he had driven the vehicle. The district court granted the motion to suppress both the container and the admission. Its ruling is summarized as follows:

1) Probable cause did not exist to arrest the defendant for DUI, since, at the time of the arrest, the officers could not actually "place the defendant as driver or around the vehicle."

2) Probable cause did not exist to arrest the defendant for violating the "open container" statute.

3) Because probable cause to arrest did not exist, the arrest was not valid.

4) Because the arrest was not valid, the defendant has a "defense to the assault by [a] prisoner" charge.

5) Therefore, "he has a right to suppression of the evidence of the circumstances."

Following the district court's ruling that the evidence should be suppressed because the arrest was unlawful, the defendant moved to dismiss the case, and the State requested leave to amend the information to charge the defendant with the lesser crime of assault against a peace officer, a class A misdemeanor, § 76–5–102.4. The district court declined to rule on either motion.

The State then filed an interlocutory appeal from the district court's suppression of the evidence. The State argues that the arrest was valid, and that even if the arrest were invalid, the district court erred in

suppressing evidence acquired prior to the arrest. In support of the second argument, the State asserts that an invalid arrest does not require the suppression of all the evidence of the circumstances gathered prior to the arrest.

The defendant argues that the officers arrested him without probable cause and seeks to have this Court dismiss the case. However, the only question properly before this Court is whether the district court correctly suppressed the evidence.

## II.

The validity or invalidity of the arrest in this case does not determine whether the evidence was lawfully obtained. Rather, the issue is the constitutionality of the manner by which the evidence was obtained, irrespective of the legality of the arrest.

 Although the testimony of the officers at the suppression hearing did not establish how or when the officers obtained the container, the record does indicate that the officers must have searched the vehicle. Warrantless searches and seizures are per se unreasonable unless exigent circumstances require action before a warrant can be obtained. *Robbins v. California,* 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981); *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *State v. Romero,* Utah, 660 P.2d 715 (1983); *State v. Lee,* Utah, 633 P.2d 48 (1981).[1] Since the officers had no warrant, it was the burden of the State to show that the search was lawful. The State presented no evidence establishing the lawfulness of the search for, and seizure of, the container.

 Clearly, the seizure of the container was not made incident to a valid arrest. *See New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *State in re K.K.C.,* Utah, 636 P.2d 1044 (1981); *State v. Eastmond,* 28 Utah 2d 129, 499 P.2d 276 (1972). A search and seizure

incident to a valid arrest exception does not apply unless the search is "substantially contemporaneous" with the arrest. *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *United States v. Edwards,* 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974); *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *State in re K.K.C., supra,* 636 P.2d at 1046. In the instant case the container was seized some time before defendant was arrested or was even on the scene.

 Nor was the seizure justified by the "automobile exception" to the requirement of a warrant. In *State v. Limb,* Utah, 581 P.2d 142 (1978), the Court stated that this exception applies when

> there is probable cause to search an automobile stopped on the highway; the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained.

*Id.* at 144, *quoting Chambers v. Maroney,* 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970). *Accord State v. Shields,* 28 Utah 2d 405, 503 P.2d 848 (1972). For this exception to apply, the police must have probable cause to believe that the automobile contains either contraband or evidence of a crime and that they may be lost if not immediately seized. Since neither the driver nor anyone else was around the automobile when the officers arrived, they had no reason to believe that the contents of the pickup truck might be lost without an instantaneous search and seizure.

 The most likely possible justification for the seizure of the container is the "open view" doctrine. When an officer is in a place he is lawfully entitled to be, he may observe for purposes of police investigation any objects which would be open to the view of an inquisitive passerby. *Texas v. Brown,* —— U.S. ——, 103 S.Ct. 1535, 1542, 75 L.Ed.2d 502 (1983) (plurality opin-

---

1. For a list of exceptions to the warrant requirement, *see Texas v. Brown,* —— U.S. ——, 103 S.Ct. 1535, 1539, 75 L.Ed.2d 502 (1983); *State v. Harris,* Utah, 671 P.2d 175 (1983); *State v. Griffin,* Utah, 626 P.2d 478, 482 n. 2 (1981) (Wilkins, J., concurring).

ion); *State v. Lee*, 633 P.2d 48, 51 (1981).[2] "[A]n officer is not expected to ignore what is exposed to observation from a position where he is lawfully entitled to be." *State v. Lee, supra*, 633 P.2d at 51. In this case, since the officers were responding to a citizen's report and were investigating an apparently abandoned vehicle that was partially obstructing traffic, they were in a place where they were entitled to be. However, at the hearing on the motion to suppress, the State elicited no testimony as to when the officers located the container, where it was located, and whether it was in open view from a place where the officers had a right to be.

In the absence of evidence showing an exception to the warrant requirement, we cannot conclude that the trial judge erred in suppressing the container.

### III.

■ The defendant's admission to the police officer that he was the driver of the vehicle was not obtained through a search. In certain circumstances, police detention of a person to question him (often referred to as an investigatory stop) may constitute a "seizure" within the meaning of the Fourth Amendment. *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *State v. Lopes*, Utah, 552 P.2d 120, 122 (1976) (Maughan, J., concurring). Under appropriate circumstances, however, a policeman may make a reasonable investigatory stop in an appropriate manner even though there is no probable cause to arrest. *State v. Lopes, supra*, 552 P.2d at 122. The test for determining if a detainment is valid is whether specific and articulable facts exist which give rise to a reasonable suspicion that the

person stopped is, or is about to be, engaged in criminal activity. *State v. Whittenback*, Utah, 621 P.2d 103, 105 (1980), *quoting Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).

For example, in *State v. Whittenback, supra*, the defendants were in an all-night laundromat at 1:00 a.m. A police officer entered, asked for their identification, and asked the defendants several questions. This Court upheld the questioning as not an "improper seizure or detention" under the *Terry v. Ohio* standard.[3] *See also State v. Lopes*, Utah, 552 P.2d 120 (1976).

■ In the case at hand, however, there was no seizure, detention, or investigatory stop. In investigating the stalled pickup truck, the officers were in a public roadway, "a public place where [they] had a right to be." *State v. Whittenback, supra*, 621 P.2d at 105. As the defendant approached, they asked him if he were the owner and driver of the vehicle. In responding to this question, the defendant was not detained in any significant way. As one Justice of the United States Supreme Court recently observed, "[a]ny person may, of course, direct a question to another person in passing." *Kolender v. Lawson*, — U.S. —, 103 S.Ct. 1855, 1862, 75 L.Ed.2d 903 (1983) (Brennan, J., concurring). In short, the suppression of the defendant's admission was error.

■ The defendant also contends that his admission should be excluded because an accused cannot be convicted on his confession alone. He argues that the officers did not see him driving the truck, or even sitting in the truck; that they had no probable cause to arrest him for DUI or an

---

**2.** The United States Supreme Court recently stated in *Texas v. Brown, supra*:

[T]he seizure of property in plain view involves no invasion of privacy and *is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity.*

103 S.Ct. at 1542, *quoting Payton v. New York*, 445 U.S. 573, 587, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980) (emphasis added in *Brown*).

**3.** The Court quoted *State v. Folkes*, Utah, 565 P.2d 1125, 1127 (1977), as support:

When a police officer sees or hears conduct which gives rise to suspicion of crime, he has not only the right but the duty to make observations and investigations to determine whether the law is being violated; and if so, to take such measures as are necessary in the enforcement of the law.

open container violation; that he was not a prisoner within the scope of § 76–5–102.5 (assault by a prisoner); and that without his admission the State will be unable to prove the corpus delicti of assault by a prisoner. Although the defendant's claims may be meritorious, they are not relevant to the issue of suppression of the statement.

In sum, the district court's suppression of the container is affirmed; the suppression of the defendant's verbal statements is reversed; and the case is remanded for further proceedings.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.