**Garry Michael GREEN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 880S337.**

Supreme Court of Indiana.

July 8, 1981.

R. Cordell Funk, Hammond, for appellant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Garry Michael Green, was convicted in a trial by jury of unlawful deviate conduct while armed, a class A felony, pursuant to Ind.Code § 35–42–4–2; confinement while armed, a class B felony, pursuant to Ind.Code § 35–42–3–3(a)(2); and theft, a class D felony, pursuant to Ind. Code § 35–43–4–2. For such offenses, appellant was sentenced to serve consecutive terms of fifty years, twenty years, and four years, respectively. He appeals contending that there were errors in sentencing and in the admission of evidence at trial.

At 10:00 p. m. on June 1, 1979, the prosecutrix was shopping at a Jewel Food Store in Dyer, Indiana. After driving out of the lot appellant emerged from the back seat of the car, held a large knife to her throat and required her to drive about, finally stopping in a dark area, where continuing to threaten her with the knife, he forced her to completely disrobe. He then kissed and fondled her, performed cunnilingus upon her, and required her to manipulate herself and masturbate him. During a pause in which he demonstrated some interest in the food she had purchased she ran naked from the car. He then drove off in her car. She ran to a house, and unable to get a speedy response broke into the house. The persons there got up and she was safe thereafter.

1. Appellant contends that the trial court erred in sentencing wherein it augmented the standard sentences for the three individual offenses of unlawful deviate conduct, confinement, and theft and further concluded that such sentences be served consecutively rather than concurrently. In reviewing sentences this Court will enforce compliance by the trial court with the statutorily required procedures for sentencing, *Abercombie v. State*, (1981) Ind., 417 N.E.2d 316, and will affirm the sentence or sentences given unless in light of the nature of the offense and the character of the offender we are convinced that no reasonable person could find such sentence appropriate, Ind.R.App.Rev.Sen. 2(2).

The sentencing court considered a pre-sentence report, and made statement of its reasons for selecting the sentences imposed which generally tracks the statutory list of aggravating circumstances favoring imposition of augmented sentences and consecutive terms. Ind.Code § 35–4.1–4–7(c). Among the reasons stated the trial court said that appellant is beyond hope of reclamation, was on parole for armed robbery at the time of the offense, and that the female victim was physically infirm.

Appellant contends the pre-sentence report was skeletal, perfunctory, and incomplete in that it failed to include psychological evaluation and parole reports from pe-

nal institutions, and failed to comply with Ind.Code § 35–4.1–4–3, which sets the scope for such reports. He also contends that the sentencing court failed to give due regard to that fact that appellant's past felony convictions do not include any sex offenses. He also argues that the trial court misinterpreted Ind.Code § 35–4.1–4–7(c)(6), in concluding that the fact that the victim was a female is an aggravating factor favoring imposition of consecutive sentences.

These challenges were not made at any point to the trial court. The record reflects no effort by the defendant to raise these issues during the formulation of the pre-sentence report, during the sentencing hearing, or in the motion to correct errors. Appellant had ample opportunity to complain about the accuracy and completeness of the pre-sentence report, to add his own information to it and to persuade the trial court that the gravity of his past criminal activity should be lessened for the purposes of these sentences by reason of the absence therefrom of any convictions for sexual attacks. He could have persuaded the trial judge to abandon his view of the legal "infirmity". He had a responsibility and ample opportunities to bring matters favorable to him to the attention of the court. *Gardner v. State*, (1979) Ind., 388 N.E.2d 513. He did not take advantage of that opportunity.

The trial court based its sentencing decision upon the presentence report and the evidence presented at trial. Appellant's past criminal activity resulted in a burglary conviction in 1968, an armed robbery conviction in 1971, and another armed robbery conviction in 1976. He is thirty-two years old. At the time of these present offenses from which this appeal is being taken, he was on parole for the 1976 armed robbery, after having spent three years in prison. Appellant has developed a pattern of behavior over an eight-year period which dictates to him that he may take what he wants from fellow human beings through the use of deadly weapons and the threat of deadly force. These offenses involved repeated display of and threats by the use of

a knife. They involved repeated onslaughts upon the person of this victim. She escaped further attacks only by effecting her escape, at great peril to herself.

It cannot be gainsaid, that as contended by appellant, the victim escaped without serious physical injury, that the entire criminal episode lasted only about one-half hour, and that the total of seventy-four years to which these three sentences amount is greater than the maximum sentence for murder and can be viewed within the same range as the sentence permitted under the habitual offender statute. However, even placing these matters in the balance, and adding thereto a misinterpretation by the court regarding infirmity of the victim, the trial court's findings of four aggravating circumstances militating in favor of the imposition of augmented and consecutive sentences remain so strongly supported here, that we are unable to say that no reasonable person could find these sentences appropriate to appellant Green and the offenses involved in these present charges.

■ 2. Appellant contends that the trial court erred in failing to advise him at sentencing of his right to petition as a criminal sexual deviant pursuant to Ind.Code § 35–11–3.1–1 et seq., repealed effective September 1, 1979, yet applicable and available to appellant because this offense occurred prior to repeal. Section 2 of Acts of 1979, P.L. 294. A petition for treatment may be initiated by the court, prosecutor, or defendant. There is no provision in the statute which explicitly or by judicial interpretation, requires a court advisement. Absent legal authority or argument supporting such duty, the court's omission cannot be considered error. The statutes afford an opportunity to the defendant to petition the court. Appellant did not avail himself of this opportunity.

■ 3. The contention is made that the trial court erred in permitting the State to introduce Exhibit No. 1, a drawing of the attacker made from a verbal description supplied by the victim to the mother of the chief of police who was an amateur artist. The specific objection raised at trial to this exhibit was that it had not been properly authenticated and was not relevant. Appellant makes a strong argument on appeal that the exhibit was hearsay, as constituting an interpretive statement of the artist and therefore beyond his ability to cross-examine. *Illinois v. Turner,* (1968) 91 Ill. App.2d 436, 235 N.E.2d 317. However, hearsay was not the basis of the trial objection, and that legal basis for testing the trial court's ruling is not now available on appeal. *Sams v. State,* (1969) 251 Ind. 571, 243 N.E.2d 879.

■ 4. Appellant also contends that error occurred when the trial court overruled an objection to the testimony of a police officer that appellant looked like the person in the sketch. The objection was that the question posed asked for a conclusion and irrelevant matter. Within the confines of the questioning at the time, it is apparent that the trial judge considered this objection as being lodged to an expression of an opinion by the officer. The overruling of this objection was error. A witness should not be permitted to make comparisons and to give opinions where the jurors are as well qualified to form an opinion upon the facts as the witness. *Reburn v. State,* 421 N.E.2d 604 (Ind., 1981). However, the error is harmless in this case. The evidence given by the victim identifying appellant is exceptionally strong for a case of this type.

The prosecutrix observed appellant seated next to her in the car for forty-five seconds as they were stopped for a red light at a corner lighted by two filling stations. She observed him for three to four minutes in the car as they were stopped at a train crossing, the inside of the car illuminated by the headlights of cars stopped behind them. During the sexual activities that followed while parked in a dark area, there was much face to face positioning and she could see his face in strong moonlight. Most unusual of all, after her successful escape and statements to police, she was being driven home the same night by a friend, and they had to stop for gas. While prosecutrix was outside the car pumping

gas into it, appellant crossed the road and entered the illuminated area of the station. She saw him; he saw her; and he started running. The police were called, and with dogs they followed a track, which ultimately led to a tavern where a motorcycle had just been stolen.

At trial, when questioned about her ability to identify appellant as her assailant the following colloquy occurred:

"Q. Go ahead and sit down, Loralee. Is there any doubt as we sit here today, any doubt in your mind that the defendant Garry Michael Green, is the man that committed those crimes against your person and your property on June 1, 1971?

A. I will never forget that face. I have no doubt.

Q. There is no doubt?

A. No doubt."

Given this cluster of circumstances, including the separate sighting of appellant on the night of the crime, and the fact that appellant and the sketch were both physically before the jury itself, we are convinced that the reliance if any, by the jurors upon the officer's comparison, was *de minimis* and harmless.

■ 5. An officer noted the license numbers of cars parked in the Jewel parking lot from which the prosecutrix had been abducted, after the crime had been reported and information of it distributed. One of the license numbers proved to be for a car registered in appellant's name. The list of numbers was admitted in evidence over an objection on relevancy grounds. The license number itself was relevant as was the time and place of its notation. It formed a step in the circumstantial evidence tending to place appellant at the scene of the crime at or near the time of its commission. Appellant argues that irrelevancy of the license number exists, because the connection between it and him was not discovered until after his arrest. Obviously the relevancy of this item was not diminished by reason of the initial realization of its

import two weeks after arrest. The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.