**Richard T. COVELLI, Appellant–
Defendant Below,**

**v.**

**STATE of Indiana, Appellee–
Plaintiff Below.**

**No. 20A03–9101–CR–25.**

Court of Appeals of Indiana,
Third District.

Oct. 7, 1991.

468

William J. Cohen, Elkhart, for appellant-defendant below.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff below.

STATON, Judge.

Richard T. Covelli appeals his conviction for dealing in cocaine, a Class A felony, presenting us with seven issues for our review, which we consolidate and rephrase as follows:

 I. Whether Covelli was denied a speedy trial pursuant to Criminal Rule 4.

 II. Whether Covelli received ineffective assistance of counsel for failure to raise a Fourth Amendment objection to the admission of cocaine and paraphernalia seized by the investigating police officers.

 III. Whether the trial court erred in admitting evidence of a pre-trial statement given by Covelli to police officers.

 IV. Whether the trial court erred in refusing to allow Covelli to cross-examine a police officer.

 V. Whether the trial court gave an incorrect jury instruction on constructive possession.

We affirm.

Shortly after noon on May 1, 1989, a housekeeper at the Ramada Inn motel in Elkhart discovered what she believed to be drug paraphernalia in a room which had been registered to Covelli. She reported the find to her head housekeeper, who called the police. The police arrived between one and two p.m., and were admitted into the room by the housekeeper after they were told that the rental period for the room had expired the previous day at noon. The police officers discovered various instruments commonly used in the drug trade, including triple-beam scales, plastic baggies, razor blades, alcohol, spoons, screen, pipes, a "cutting agent", steel wool, an eyedropper, cotton balls, and measuring cups.

After the room was searched by police, the Ramada received a call from Covelli stating that he would return to the room later that evening with his girlfriend, Patricia Flood, and that they would stay another night. The police officers were informed of the call and set up surveillance on the room.

Covelli returned to the motel at 6:45 p.m. with Flood, each carrying several bags. As Flood unlocked the door, police officers identified themselves and subdued Covelli, who was resisting, outside the door of the hotel room. Another officer pushed Flood into the hotel room, informed her she was under arrest, and handcuffed her. The officer asked Flood for some identification, and was told that her I.D. was in one of the bags. The police officer searched the bags, and found approximately 205 grams of uncut cocaine. Flood and Covelli were arrested by the officers on suspicion of cocaine dealing.

Trial was held on September 18, 1990 and Covelli was convicted of dealing in cocaine. He appeals.

I.

*Speedy Trial*

Covelli argues that the trial court erred in failing to grant his motion for discharge pursuant to Criminal Rule 4, the speedy trial rule.

A. *Criminal Rule 4(B)*

Criminal Rule 4(B) provides that a defendant who moves for an early trial shall be discharged if not brought to trial within seventy (70) calendar days from the date of that motion, if no delays are charged to the defendant in the interim.

On December 11, 1989, Covelli filed a *pro se* motion to dismiss, alleging that he had sent a letter to the trial court dated May 31, 1989 requesting a speedy trial. The

motion requested dismissal pursuant to Criminal Rule 4(B), and if the motion was denied, that "this Court will suspend any further proceedings on this cause and grant leave to file appeals in both State and Federal Court, while releasing Defendant on his own recognizance, pending the outcome of said appeals, pursuant to Indiana Rules of Criminal Procedure, Rule 4, Section (A)." Record, p. 21. The trial court noted that it had never received the alleged correspondence. It further noted that Covelli was represented by counsel, and treated the motion to dismiss as a motion for speedy trial. The court observed that Covelli's trial was set for February 13, 1990, which was within the statutory 70 days from the filing of Covelli's request for a speedy trial.

On January 2, 1990, a hearing was set on Covelli's various motions to the court. At the hearing, Covelli filed a "Statement by Defendant Presented to Court on January 2, 1990", wherein he stated his objections to the trial court's denial of his motion to dismiss, requested reconsideration of the issue, and renewed his request that the trial court certify the question for appeal. On January 9, 1990, Covelli filed his praecipe for the record. On January 15, a hearing was held on certification of the denial of the motion to dismiss, and the trial court indicated his intent to certify the order. On January 18, the trial court formally entered findings of fact and conclusions of law denying the motion to dismiss and certifying the appeal.

On January 26, Covelli appeared by counsel and informed the trial court that he would pursue his appeal, and all matters in the trial court were stayed pending resolution of the appeal. Covelli filed his application for an interlocutory appeal with this court, which was denied by order of the Chief Judge on June 26, 1990. The trial court received notice of the denial of the interlocutory appeal on June 29, 1990 and entered the following docket entry:

This cause set for TRIAL AS THE *FIRST SETTING* SEPTEMBER 18, 1990 AT 9:00 A.M. Final pre-trial conference set for, and all discovery ordered completed on or before, August 27, 1990 at 10:00 a.m. Copy to all counsel, Clerk to notify.

Record, p. 70. Defendant made no objection to the setting of the trial. On September 6, 1990, with Covelli present, defense counsel made an oral request for continuance, indicating that he had discussed the matter of a continuance with his client. On September 11, counsel filed a written motion to continue the trial, which was denied. On the day of trial, Covelli filed a motion to dismiss pursuant to Criminal Rule 4(B), which the trial court denied.

■ The delay occasioned by Covelli's pursuance of his interlocutory appeal is chargeable to him. *See State ex rel. Cox v. Superior Court of Madison Cty.* (1983), Ind., 445 N.E.2d 1367. Thus, the period of time from December 11, 1989, the filing of Covelli's motion to dismiss where he requests certification of an adverse ruling, to June 29, 1990, where the trial court received the order denying appeal, is not chargeable against the state. Covelli's request for certification set in motion the chain of events leading to the interlocutory appeal and therefore the time is chargeable to him.

■ On the same day the trial court received the order from this court, the trial court set the cause for trial on September 18. Notice of this date was sent to counsel. Covelli failed to object to the trial setting. A defendant who does not object when a trial court sets a trial date outside of the 70 day speedy trial period has failed to preserve his right to a speedy trial. *Lewis v. State* (1985), Ind., 486 N.E.2d 526, 527.

■ Moreover, on September 6, Covelli requested a continuance of the September 18, 1990 trial date. When a defendant makes a motion for speedy trial, he is required to maintain a position which is reasonably consistent with his request. *Stone v. State* (1988), Ind., 531 N.E.2d 191, 194. A motion for continuance is hardly consistent with a speedy trial request.

We conclude that the trial court did not err in denying Covelli's motion to dismiss pursuant to Criminal Rule 4(B).

## B. *Criminal Rule 4(C)*

Criminal Rule 4(C) provides that a criminal defendant shall not be held on recognizance for longer than one year from the later of the date that he is arrested or the date that he is charged unless delay results from his own act or congestion of the court calendar. Covelli was charged on May 2, 1989, and was tried on September 18, 1990. We have already held that the delay from December 11, 1989 to June 29, 1990 is chargeable to Covelli. Even if no other delays are chargeable to him, it is clear that the remaining period of time does not encompass one year. The trial court correctly denied his motion to dismiss.

## II.

### *Illegal Search*

Prior to trial, Covelli filed a motion to suppress the items obtained as a result of the police search of his room at the Ramada Inn. The motion was denied. On appeal, he challenges the admission into evidence of the products of the searches of both the room and the bags carried by Flood. While Covelli acknowledges that no objection was made at trial to the introduction of this evidence, he urges us to address these questions as fundamental error, or to hold that his counsel was ineffective for failure to object.

■ Our supreme court has held that the admission of evidence obtained in violation of the defendant's constitutional rights to be protected against unlawful searches and seizures does not elevate that issue to the status of fundamental error. *Swinehart v. State* (1978), 268 Ind. 460, 376 N.E.2d 486, 491. Therefore, we will not review Covelli's allegations as fundamental error.

■ Addressing his contention that he was denied effective assistance of counsel, we note our standard of review. Upon review, the assistance of counsel is measured against a "reasonably effective assistance" standard. *Burr v. State* (1986), Ind., 492 N.E.2d 306, 307–308. Thus, judicial scrutiny should be deferential and undistorted by hindsight, with "[i]solated poor strategy, inexperience, or bad tactics" not implying ineffectiveness; the appellant must show "strong and convincing evidence" to overturn a presumption of competence. *Burr, supra,* at 308, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. When determining whether a defendant has received ineffective assistance of counsel, we engage in a two-step analysis. First, we must determine whether the acts or omissions of counsel are outside the wide range of professionally competent assistance. If so, we must then determine whether such acts or omissions prejudiced the defendant. *Best v. State* (1991), Ind., 566 N.E.2d 1027, 1031.

## A. *Hotel Room*

Covelli argues that his counsel was ineffective in failing to object to the admission of evidence gained as a result of the police officers' warrantless search of his hotel room at the Ramada Inn. We noted in *Ceroni v. State* (1990), Ind.App., 559 N.E.2d 372, 373, *transfer denied,* that upon review of a claim of a Fourth Amendment violation, the first line of inquiry is to determine whether the defendant had a personal and legitimate expectation of privacy in the place searched. *Ceroni,* like the present case, involved a hotel room search. We concluded that the defendant in *Ceroni* had a legitimate expectation of privacy in the hotel room, of which he was not the renter but the permissive user.

■ The present case differs from *Ceroni,* in that the present search occurred outside the rental period. Covelli checked into the hotel room on Friday, April 28, 1989. He paid to stay another night on Saturday, making his checkout time noon on Sunday. Covelli and Flood left for Chicago on Saturday, April 29, to buy cocaine and paraphernalia. Covelli did not pay for Sunday night, and early Monday afternoon, housekeeping cleaned his room, finding the drug paraphernalia. The police were called, and at about 2:00 p.m. consent was given by hotel personnel for the police to search the room. At about 4:00 or 5:00 p.m., Covelli called the hotel and indicated his intent to stay for another night in the room. As the

rental period for Covelli's room had expired at the time of the search, he no longer had a legitimate expectation of privacy in the room. *United States v. Rahme* (2nd Cir. 1987), 813 F.2d 31, 34; *United States v. Larson* (8th Cir.1985), 760 F.2d 852, 855, *cert. denied* 474 U.S., 849, 106 S.Ct. 143, 88 L.Ed.2d 119. Thus, the warrantless search of the hotel room did not violate Covelli's Fourth Amendment rights.

### B. *Bags*

Covelli likewise contends that he received ineffective assistance of counsel for the failure to object to the admission of cocaine and paraphernalia obtained as a result of the search of the bags which were in Flood's possession.

■ A threshold question is whether Covelli has standing to raise the illegality of the search. Fourth Amendment rights are personal and may not be vicariously asserted. *Rakas v. Illinois* (1978) 439 U.S. 128, 133, 99 S.Ct. 421, 425, 58 L.Ed.2d 387, *reh'g denied* 439 U.S. 1122, 99 S.Ct. 1035, 59 L.Ed.2d 83. One who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. *Id.* at 134, 99 S.Ct. at 425. Only those defendants whose Fourth Amendment rights have been violated are permitted to benefit from the protections of the exclusionary rule. *Id.* It is not enough that the defendant is the "target" of the police search, if he has no legitimate expectation of privacy in the searched premises or property. *Id.* In addition, our supreme court has declined to adopt the "automatic standing" rule set out by the United States Supreme Court in *Jones v. United States* (1960), 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, which conferred automatic standing on persons accused of crimes where possession was both an element of the crime and a factor necessary for standing to challenge a warrant-

less search.[1] *Livingston v. State* (1989), Ind., 542 N.E.2d 192, 194.

■ While Covelli appears to allege that the bag belonged to Flood, there is at least some evidence in the record that the bags were commonly owned. As such, Covelli would have a legitimate interest of privacy in the bags. Assuming that the bags were commonly owned, we will address the merits of the argument.

■ The State argues that the warrantless search of the bags was justified both by Flood's consent to search the bags for her I.D. and as a reasonable custodial search incident to an arrest. While warrantless searches of premises or property are presumed unreasonable, this presumption may be rebutted by the State's showing that the search fell within one of the recognized exceptions to the warrant requirement. *Ceroni, supra,* at 374.

■ A valid consent to search obviates the warrant requirement. *Fisher v. State* (1984), Ind., 468 N.E.2d 1365, 1368, *reh'g denied.* This is so even if the consent to search is given by a third party having common authority with the defendant over the premises or property. *Id.* The consent to search the bag necessarily contemplated the consent to search the items found within the bag which were pertinent to the investigation being conducted. *Heald v. State* (1986), Ind., 492 N.E.2d 671, 680, *reh'g denied.* However, the scope of the authority to search is strictly limited to the consent given; therefore, a consent search is reasonable only if it is kept within the bounds of the consent. *United States v. Dichiarinte* (7th Cir. 1971), 445 F.2d 126, 129–130. When officers receive consent to search premises or property to obtain a specific item, they may seize the item sought as well as any evidence which is in their plain view. *People v. Torand* (1981), Colo., 622 P.2d 562, 565–566. However, if the item sought is found, the officers may not continue to search containers of a size which might have held

---

1. The United States Supreme Court has since repudiated the "automatic standing" rule for possessory crimes in *United States v. Salvucci* (1980), 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619.

the item sought on the pretext that the containers could have held the item. *Torand, supra,* at 566. Such a search exceeds the scope of the consent given. *Id.* Stated otherwise, once the items which are the subject of the consent are found, the search must stop.

In the present case, Flood gave the officer permission to search the bags for her I.D.[2] Incident to his search for her I.D., the officer located various items of drug paraphernalia, which were in plain view. Thus, the paraphernalia was properly subject to seizure. As the search was proper, Covelli did not receive ineffective assistance of counsel for counsel's failure to object on Fourth Amendment grounds.

The officer also found a black felt bag. While the bag might have contained the I.D., he did not look inside the bag until *after* he had located the I.D. The bag contained approximately 205 grams of cocaine. In searching the bag after he had found the object of his search, he exceeded the scope of consent. Seizure of the cocaine cannot be justified by Flood's consent.

Incident to a lawful arrest, the arresting officer may conduct a warrantless search of the area near the arrestee to detect weapons and prevent the destruction of evidence. *Ceroni, supra,* at 374, *quoting Chimel v. California* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.

Here, the arresting officer handcuffed Flood and began a search of the bags which she was carrying pursuant to her consent to locate her identification. After finding the I.D., he searched the felt bag, and located the cocaine. At some time during the search, Covelli had been brought into the hotel room and both suspects had been secured. After ascertaining that the felt bag contained what appeared to be cocaine, the bag was placed out of reach of both of the defendants by the officer who arrested Flood. These circumstances show a concern for the prevention of the destruction of evidence. The exigencies of the situation were not negated merely because the suspects were handcuffed. *State v. Austin* (1978), Utah, 584 P.2d 853, 855–856. A handcuffed arrestee may still be dangerous. *See State v. Noles* (1978), 113 Ariz. 78, 546 P.2d 814. The search was conducted incident to the arrest, in an area within the immediate control of the arrestee. *Cf. United States v. Savage* (5th Cir.1977), 564 F.2d 728, 733 (warrantless search of area within immediate control of arrestee which produced counterfeit money found in pocket of shirt on closet shelf held valid). Covelli's attorney may well have concluded that the search was a valid search incident to a lawful arrest and decided not to object to the admission of the items recovered in the search. We cannot say that Covelli received ineffective assistance of counsel for his failure to object to the admission of the cocaine.

### III.

### *Pre–Trial Statement*

Covelli argues that the trial court erred in admitting evidence of a pre-trial statement given to the police, citing *Nacoff v. State* (1971), 256 Ind. 97, 267 N.E.2d 165. In *Nacoff,* our supreme court held that the trial court erred in admitting a statement given by Nacoff to the police, as it held that the State did not carry its burden of showing that Nacoff had intelligently and voluntarily waived his right to remain silent and to consult with counsel. Nacoff was a twenty-three year old mental patient without a high school education who was confined in a 6′ × 3′ cell without shower facilities, which he was permitted to leave only to be interrogated. He was held incommunicado for four and a half days, and was not taken promptly before a magistrate as required by law. In return for confessing, the officers promised to get Nacoff psychiatric help and to pass the fact

---

2. Covelli argues that the record shows the consent given was involuntary. The test for involuntariness is whether the defendant's will was overborne by express or implied coercion. *Cato v. State* (1979), 272 Ind. 102, 396 N.E.2d 119, 123. Here, there is no indication that Flood's will was overborne; in fact, she was admittedly cooperative with the police.

of his cooperation on to the prosecutor's office. After his confession, Nacoff was moved to a cell of his own choosing and allowed to shower.

The admissibility of a statement given by the accused hinges upon a determination, from the totality of the circumstances, whether it was made voluntarily and not through inducements, violence, threats, or other improper influences so as to overcome the free will of the accused. *Pasco v. State* (1990), Ind., 563 N.E.2d 587, 591. The question of voluntariness is a question of fact to be determined by the trial court. *Id.* In reviewing the statement's admissibility, we examine only the evidence and reasonable inferences therefrom which are favorable to the trial court's ruling, together with any uncontradicting adverse evidence. *Gibson v. State* (1987), Ind., 515 N.E.2d 492, 494. If we find that there is substantial evidence to support the trial court's ruling, it will not be disturbed. *Id.*

Unlike the record in *Nacoff,* here there is ample support for the trial court's determination that Covelli's statement was made voluntarily. Covelli was thrice advised of his *Miranda* rights before he gave the statement. He initiated the contact with the police officers, indicating to jail personnel that he wanted to speak with someone from the Drug Task Force (the division of the Elkhart Police Department which was involved in Covelli's arrest). He informed the Task Force officers that he was aware of his rights and that he was familiar with "the procedures" due to previous encounters with the law.

Covelli argues that he was not afforded a prompt initial hearing pursuant to Indiana Code 35–33–7–1 (Supp.1990). Assuming his contentions are true, the violation of the statute is not *per se* a reason for excluding the statement obtained in the interval between his arrest and his initial hearing, but is merely a factor to be considered regarding the voluntariness of the statement. *Frith v. State* (1975), 263 Ind. 100, 325 N.E.2d 186, 192.

Covelli contends that, even if we find that the statement was made voluntarily, the trial court erred in admitting the typewritten notes of one of the officers present during the statement, arguing that the notes were hearsay, as there was an insufficient foundation for the "past recollection recorded" exception to the rule. However, regardless of whether the notes qualified under this exception, the officer was present when they were introduced, acknowledged having made them, testified consistent with them, and was subject to cross-examination. Thus, the notes were admissible under the *Patterson* exception to the hearsay rule. *Lambert v. State* (1989), Ind., 534 N.E.2d 235, 236.

## IV.

### *Limitation on Cross–Examination*

Covelli argues that the trial judge improperly limited his cross-examination of Officer Wargo, one of the State's witnesses. In his cross-examination, defense counsel twice asked Officer Wargo, who sat with the prosecution during the trial, what certain witnesses said and did not say while on the stand. The trial court sustained the State's objections, ruling that the questions invaded the province of the jury.

The trial judge determines the scope of cross-examination, and we will reverse only upon a showing of a clear abuse of discretion. *Braswell v. State* (1990), Ind., 550 N.E.2d 1280, 1282. We find no abuse of discretion here. The jury is the sole judge of the evidence. *Green v. State* (1967), 249 Ind. 86, 229 N.E.2d 726, 732. A witness should not be permitted to make comparisons and to give opinions where the jury is as well qualified to do so as the witness. *Green v. State* (1981), Ind., 422 N.E.2d 1190, 1193. Thus, it was the jury's function to decide how the witnesses did or did not testify. The judge did not leave the bounds of his discretion in sustaining State's objections to the questions.

## V.

### *Constructive Possession*

Covelli argues that the trial judge gave an incorrect instruction on constructive

possession, and that the evidence was insufficient to show that he had constructive possession of the cocaine. The trial judge gave the following instruction over Covelli's objection:

> The law in general recognizes two kinds of possession: Actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it. A person who although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

Record, p. 133.

 The giving of instructions lies within the discretion of the trial court, and we will not reverse unless the charge, taken as a whole, misstates the law or otherwise misleads the jury. *Concepcion v. State* (1991), Ind., 567 N.E.2d 784, 789. The above instruction is a correct statement of the law. *See Bergfeld v. State* (1988), Ind., 531 N.E.2d 486, 490; *Riding v. State* (1988), Ind.App., 527 N.E.2d 185, 187. The trial court did not err in giving it.[3]

 Covelli's challenge to the sufficiency of the evidence on the issue of constructive possession is without merit. The record reveals that Covelli and Flood received "front money" to buy cocaine in Chicago, that both travelled to Chicago to buy the cocaine, that much of the paraphernalia to be used to process the cocaine belonged to Covelli, that the bag in which the cocaine was carried was commonly owned, and that Covelli knew the cocaine was in the bag. That evidence is more than adequate to establish that Covelli knowingly had control over the cocaine sufficient to charge him with constructive possession of it.

Affirmed.

GARRARD, J., concurs.

SULLIVAN, J., concurs as to issues I, II A, IV, V and that portion of issue III dealing with the admission of defendant's pretrial statement; concurs in result as to issue II B, and that portion of issue III dealing with admission of officer Wargo's notes.

3. To the extent that Covelli argues that the trial court erred in failing to give an instruction stating that mere presence in the vicinity of or association with another who actually possesses contraband is insufficient to show constructive possession, his argument is waived by his failure to tender an instruction to that effect. *Evans v. State* (1987), Ind., 516 N.E.2d 36, 39.