**STATE of Indiana, Appellant–
Plaintiff Below,**

v.

**Chris HUNTER, Appellee–
Defendant Below.**

**No. 70A04–9011–CR–551.[1]**

Court of Appeals of Indiana,
Third District.

Nov. 27, 1991.

---

1. This case was diverted to this office by order of the Chief Judge.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, Sheila K. Zwickey, Pros. Atty., Rushville, for appellant-plaintiff below.

Andrew C. Maternowski, Indianapolis, for appellee-defendant below.

STATON, Judge.

The State of Indiana brings this appeal of the trial court's grant of Chris Hunter's motion to suppress the results of a blood alcohol content (BAC) test, raising the sole issue of whether the trial court erred in granting the motion to suppress.[2]

We affirm.

On December 3, 1989, Chris Hunter and Michael Allen were involved in a one-car accident on Highway 52 in Rush County in which their car struck a tree, spun, rolled, came to rest upside down, and burst into flames. Bobby Wayman, a motorist who came up on the accident, was able to pull Hunter from the driver's side window of

2. The State brings this appeal pursuant to Indiana Code 35–38–4–2(5) (1988). Hunter moved to dismiss the appeal on the grounds that the motion to suppress did not preclude prose-cution on all counts of the information. The motion to dismiss was denied by order of the Chief Judge on June 13, 1991.

the mangled auto, but Allen died in the accident.

Deputy Mark Click assisted in investigating the accident, and spoke to Wayman on the scene, who related to him that he had pulled Hunter from the driver's side of the automobile. He also spoke with Hunter at the scene, who denied having been the driver of the automobile.

Hunter was taken to the hospital, where he was treated for injuries sustained in the accident. Blood was also drawn from him. After Deputy Click completed his duties at the scene of the accident, he proceeded to the hospital. As he entered the hospital, he was handed a vial of blood, marked with Hunter's name. He signed a release form and took the blood to be tested. The test revealed that Hunter's BAC was .17%.

On December 5, 1989 Hunter was charged by information with Operating a Motor Vehicle With a .10% or More Blood Alcohol Content,[3] two counts of Operating a Vehicle While Intoxicated,[4] and Operating a Motor Vehicle With a .10% Or More Blood Alcohol Content Resulting In Death.[5] He moved to suppress the results of the BAC test on the grounds that it was obtained as a result of a warrantless seizure. A hearing was held on the motion, and it was granted.

■ Both the Fourth Amendment of the United States Constitution and Article I, Section 11 of the Indiana Constitution require a warrant for searches and seizures. There are exceptions to the warrant requirement. However, there is a presumption that warrantless searches are unreasonable, and the State bears the burden of proving the search fell within one of the recognized exceptions. *Ceroni v. State* (1990), Ind.App., 559 N.E.2d 372, 374, *transfer denied.*

■ A valid consent to search obviates the warrant requirement. *Fisher v. State* (1984), Ind., 468 N.E.2d 1365, 1368, *reh'g denied.* Consent to a blood alcohol test is impliedly given in Indiana when a driver

uses our highways. IC 9–11–4–1; *Schultz v. State* (1981), Ind.App., 417 N.E.2d 1127, 1138, *reh'g denied* 421 N.E.2d 22, *transfer denied* (decided under predecessor statute). Indiana Code 9–11–4–6 provides in relevant part:

(g) A physician or a person trained in obtaining bodily substance samples and acting under the direction of, or under a protocol prepared by, a physician shall obtain a blood, urine, or other bodily substance sample if:

(1) a law enforcement officer requests that the sample be obtained;

(2) the law enforcement officer has certified in writing that:

(A) the officer has probable cause to believe the person from whom the sample is to be obtained has violated IC 9–11–2;

(B) the person from whom the sample is to be obtained has been transported to a hospital or other medical facility for treatment;

(C) the person from whom the sample is to be obtained has been involved in a motor vehicle accident that resulted in the serious bodily injury or death of another; and

(D) the accident that caused the serious bodily injury or death of another occurred no more than three (3) hours before the time the sample is requested; and

(3) no more than the use of reasonable force is necessary to obtain the sample.

■ The release form which Deputy Click signed closely paralleled the language of Indiana Code 9–11–4–6(g). Thus, it contained the requisite affirmation that Deputy Click had probable cause to believe that Hunter had violated Indiana Code 9–11–2. In the hearing on the motion to suppress, Hunter argued that Deputy Click did not have the requisite probable cause, and the trial court agreed. The common denominators among the offenses enumerated in Indiana Code 9–11–2 are 1) alcohol or con-

3. IC 9–11–2–1.

4. IC 9–11–2–2 and 3.

5. IC 9–11–2–1 and 5.

trolled substances were present in the offender's system; and 2) the offender was operating a motor vehicle. While the parties agree that Hunter was intoxicated, they disagree as to who was operating the vehicle. The statutory requisite that the officer certify in writing he had probable cause to believe that the suspect violated Indiana Code 9–11–2 necessarily requires the officer to have probable cause that the suspect was operating a motor vehicle. Probable cause exists when the facts and circumstances, if based on reasonably trustworthy information, would lead a man of reasonable caution and prudence to believe that the accused committed the offense. *Whitehead v. State* (1987), Ind., 511 N.E.2d 284, 288, *cert. den.* 484 U.S. 1031, 108 S.Ct. 761, 98 L.Ed.2d 773. The trial court found that Deputy Click did not have probable cause to believe that Hunter was the driver of the automobile at the time that he requested the blood sample.

■ In considering whether an unreasonable search and seizure has occurred, we will not weigh the evidence but will examine the evidence most favorable to the ruling. *Holt v. State* (1985), Ind., 481 N.E.2d 1324, 1326, *cert. den.* (1987) 481 U.S. 1031, 107 S.Ct. 1960, 95 L.Ed.2d 532. In examining a ruling on probable cause, we do not conduct a *de novo* review, but pay substantial deference to the trial judge's determination, affirming the trial court's ruling if there is a substantial basis in the evidence for the trial court's determination. *Beverly v. State* (1989), Ind., 543 N.E.2d 1111, 1114; *Snyder v. State* (1984), Ind.App., 460 N.E.2d 522, 529, *transfer denied.*

■ The learned trial judge's order on the motion to suppress contained the following observations:

The Court next turns to the issue of whether or not the State had probable cause for seizure. When asked on State's direct examination, at what point he determined who was the driver of the vehicle, Officer Click replied, after he had consulted with Officer Todd, Sheriff Clevenger and Coroner Moster. Later testimony established that this was after he had received the blood sample. During cross examination, Officer Click was asked, when in his mind he determined that defendant was the driver of the vehicle. He responded that he had a suspicion at the scene of the accident, but did not know for sure until after he had obtained the blood sample and talked with Sheriff Clevenger. This does not rise to the level of probable cause.

"Probable cause exists when an officer has knowledge of facts and circumstances that lead a reasonably prudent person to believe a crime had been committed, and that seizable property can be found at the place or on the person to be searced [sic]." *Gibson v. State* (1988), Ind.App., 518 N.E.2d 1132, 1136.

This standard is higher than suspicion or hunch.

Probable cause for search and seizure must be determined prior prior [sic] to that search and seizuzre [sic]. *Richard v. State* (1985), Ind.App., 482 N.E.2d 282, 285. This is necessary so that any evidence obtained during a search or seizure in the absence of probable cause could not be used later to furnish the probable cause for that same search or seizure, thus totally circumventing the protections afforded by the Fourth Amendment.

Record, pp. 105–106.

The trial court's observations are well documented by the record. The record reveals that Deputy Click relied only on Wayman's assertion that he pulled Hunter out of the driver's side window of a car which had spun and rolled before coming to rest upside down, coupled with Hunter's assertion that he was not driving the car, in support of his "suspicion" that Hunter was driving the car. This evidence was at best equivocal as to whether Hunter was the driver. The State's argument on appeal merely points out conflicts in the evidence on the question. We will not reweigh the evidence to reach a result contrary to that reached by the trial court. The trial judge did not err in finding that Deputy Click had

a lack of probable cause to believe that Hunter was the driver of the automobile.

Accordingly, the trial court did not err in granting Hunter's motion to suppress the results of the BAC test on the blood sample.

Affirmed.

MILLER, J., concurs in result.

GARRARD, J., dissents and files separate opinion.

GARRARD, Judge, dissenting.

I respectfully dissent. The uncontradicted evidence was that someone at the hospital without any direction whatever from the police took the blood sample in question and later it was given to the officer when he arrived. In accord with *Robles v. State* (1987) Ind., 510 N.E.2d 660, the Fourth Amendment was not implicated. I would sustain the appeal.