**Michael EMERSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 71A03–9408–CR–293.**

Court of Appeals of Indiana, Third District.

April 5, 1995.

Transfer Denied June 15, 1995.

Deborah K. Hays, Granger, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

STATON, Judge.

Michael Emerson ("Emerson") appeals his conviction after a bench trial for two counts of murder [1] for which he received two consecutive forty-year sentences. Emerson raises one issue on appeal which we restate as follows: whether Emerson received ineffective assistance of counsel.

We affirm.

The record reveals the following facts. Emerson killed two elderly neighbors after ostensibly coming to their home to borrow a knife. Police investigators, suspecting Emerson, questioned him about the murder.

Emerson said he knew nothing about the crime and no longer maintained an apartment in the area.

Emerson then sent a request to his former landlord, Chuck Beaty ("Beaty") that Emerson's former apartment not be searched because he had left cocaine there. Learning of this, the police contacted Beaty and received permission to search the apartment. Finding nothing, they then searched the basement of the apartment building and found a garbage bag containing a blood-stained knife, articles of Emerson's clothing, and some of the victim's personal items. Emerson was arrested, confessed, and was convicted.

■ Emerson argues that his counsel was ineffective for failing to object to the introduction of the items in the garbage bag as seized in violation of Emerson's Fourth Amendment rights. Reversal for ineffective assistance of counsel is appropriate only in cases where a defendant shows both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Bellmore v. State* (1992), Ind., 602 N.E.2d 111, 123 (citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674). It shall be strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. *Id.*

■ To successfully base a claim of ineffectiveness of counsel on a failure to object, Emerson must demonstrate that the objection, if made, would have been sustained. *Oglesby v. State* (1987), Ind., 515 N.E.2d 1082, 1084. Thus, Emerson must show that, had counsel objected, the trial judge would have suppressed the evidence as seized in violation of Emerson's Fourth Amendment rights.

■ First, for this search to implicate the Fourth Amendment, Emerson must demonstrate that he had a reasonable expectation

1. Ind.Code § 35–42–1–1(1).

of privacy in the basement of the apartment building. *Covelli v. State* (1991), Ind.App., 579 N.E.2d 466, 472, *trans. denied.* The outside door which led to Emerson's apartment also led to the basement. The record, however, does not reveal whether other tenants had access to the basement. Though Emerson had access to this area, he did not lease the basement and had no apparent permission to use it. Emerson's argument that the basement was an ideal hiding place does not establish a reasonable expectation of privacy in the area; Emerson confuses his subjective expectations with a reasonable, objective expectation. Thus, as a threshold matter, Emerson must demonstrate a reasonable expectation of privacy in the premises.

■ The facts most favorable to the judgment reveal that Emerson was evicted before the search. On April 4, Beaty tried to evict Emerson for failing to pay rent. The men came to blows and the police were called. Beaty grudgingly allowed Emerson to stay until April 8, at which time Emerson's new residence became available. Emerson began moving his belongings out of the apartment immediately. On April 9, the day of the murders, Emerson was still at the apartment. Thereafter, however, Emerson denied living at the apartment. On April 11, the day of the search, Beaty assured police that Emerson was no longer his tenant.

■ A defendant has no reasonable expectation of privacy in an abandoned apartment. *Criss v. State* (1987), Ind., 512 N.E.2d 858, 859 (conviction based upon search of trash left at apartment). Further, once the rental period expires on a room, the resident's expectation of privacy ceases. *Covelli, supra*, at 471–472. Similarly, because Emerson was to have moved by April 8, he had no reasonable expectation of privacy in the premises on April 11.

■ Emerson argues that he had Beaty's consent to remain in the apartment, and thus an expectation of privacy there. *Ceroni v. State* (1990), Ind.App., 559 N.E.2d 372, 373, *trans. denied* (guest of motel-room renter has expectation of privacy therein). Emerson argues this consent is established by his

failure to pay rent and Beaty's failure to throw him out. We see no support for this claim given that: (1) Beaty told him to leave, (2) he came to blows with Beaty, (3) he promised to leave within three days, and (4) he remained there without Beaty's permission. Absent an extensive history of setting unenforced deadlines, we conclude that Emerson could not reasonably believe that the apartment, let alone the basement, was his private domain. Beaty's failure to force Emerson out of the building does not change our conclusion.

■ Second, even if Emerson had an expectation of privacy in the basement, a good-faith exception applies. A warrantless search is valid if the police reasonably believe that one with authority has authorized the search. *Kennedy v. State* (1991), Ind., 578 N.E.2d 633, 638, *cert. denied*, 503 U.S. 921, 112 S.Ct. 1299, 117 L.Ed.2d 521. To make a warrantless search valid, the police must know of sufficient facts to lead one of reasonable caution to believe the consenting person has authority over the premises. *Illinois v. Rodriguez* (1990), 497 U.S. 177, 187–188, 110 S.Ct. 2793, 2801, 111 L.Ed.2d 148, 161.

■ Emerson repeatedly denied living at the apartment, while Beaty also assured police that Emerson had moved out. We can think of few situations which more aptly fit the definition of a good-faith exception to the warrant rule. The police were assured by everyone in a position to know that Beaty had sole control over the basement, and they were justified in relying on those assurances.

Emerson next argues that the bag is entitled to protection independent from the premises. Emerson compares the garbage bag to a "poor man's suitcase" which warrants independent protection from searches. *See Robles v. State* (1987), Ind., 510 N.E.2d 660, 663, *reh. denied, cert. denied*, 487 U.S. 1218, 108 S.Ct. 2872, 101 L.Ed.2d 907 (privacy interest in luggage).

■ Emerson's argument is unavailing as we conclude Emerson abandoned the bag. Abandoned property is subject to lawful seizure without a warrant. *Miller v. State* (1986), Ind.App., 498 N.E.2d 53, 55, *reh. denied.* Emerson placed the garbage

bag in the basement, an area in which he had no privacy expectation, after he was to have moved out. Further, he took several bags with him but chose to leave this one behind while repeatedly denying that he lived in the area. The question of abandonment is one of intent. *State v. Machlah* (1987), Ind.App., 505 N.E.2d 873, 879, *trans. denied.* We ascertain intent from words, acts, and other objective facts. *Id.* We find abandonment where it appears the defendant relinquished all interest in the property. *Id.* Emerson did not have possession of the bag: instead, he left it in a place where he never had an expectation of privacy. Under these facts, we conclude that the bag was abandoned and Emerson lost all expectation of privacy in its contents.

For all of these reasons, Emerson did not receive ineffective assistance of counsel.

Affirmed.

HOFFMAN and KIRSCH, JJ., concur.

