**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 11 2013, 5:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRYAN D. LEWIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  34A02-1212-CR-973 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Judge
Cause No. 34D01-1208-FA-709

**October 11, 2013**

**MEMORANDUM DECISION—NOT FOR PUBLICATION**

**BAKER, Judge**

Generally, one may not challenge the admissibility of evidence on appeal when there is a failure to object at trial. And more often than not, the failure to object does not rise to the level of fundamental error.

Here, police officers engaged in a consensual encounter with appellant-defendant Bryan D. Lewis and subsequently learned that there was an outstanding warrant for his arrest. Thus, the officers acted reasonably in detaining Lewis and attempting to arrest him. Lewis fled the scene, an officer tackled him, and two baggies of cocaine were discovered where Lewis had fallen. We conclude that the trial court properly admitted the cocaine into evidence and affirm Lewis's conviction.

FACTS

On July 31, 2012, police officers approached Lewis during their investigation of a domestic disturbance involving two women at an apartment complex in Kokomo. Lewis was standing in the crowd and when the police arrived, one of the women involved in the dispute told the police officers that she and Lewis, her boyfriend, had engaged in an altercation earlier. Shortly thereafter, another woman involved herself in the argument. When one of the officers approached Lewis, he sought to investigate the situation and asked Lewis for his name and address.

Lewis began to walk away, and after learning that there was an outstanding warrant for his arrest, the officers grabbed Lewis's arms. However, Lewis broke free and started to run. The officers tackled Lewis and found two baggies of cocaine next to him.

2

Lewis did not object to the admissibility of the cocaine at trial, and the jury found him guilty of possession of cocaine, a class B felony, and resisting law enforcement, a class A misdemeanor. Lewis was subsequently sentenced and he now appeals, claiming that the trial court erred in admitting the cocaine into evidence.

DISCUSSION AND DECISION

As noted above, Lewis did not object to the admission of the cocaine at trial. Thus, the issue is waived. Brown v. State, 929 N.E.2d 204, 207 (Ind. 2010). Lewis's claim of fundamental error also fails because fundamental error is available only in "egregious circumstances" and it must render "a fair trial impossible" or constitute "clearly blatant violations of basic and elementary principles of due process." Id. The admission of evidence obtained in violation of the defendant's constitutional rights to be protected against unlawful searches and seizures does not elevate that issue to the status of fundamental error. Covelli v. State, 579 N.E.2d 466, 471 (Ind. Ct. App. 1991).

Waiver notwithstanding, what occurred here began as a consensual encounter among the police officers and Lewis. Lewis was standing in the crowd, and the police officers did not stop Lewis or in any way seize him when they initially approached and asked him about his identity. Indeed, there is no constitutional detention when a police officer approaches individuals in a public place, talks to them, and requests identification. State v. Augustine, 851 N.E.2d 1022, 1025-26 (Ind. Ct. App. 2006).

Here, the police did not detain Lewis until the officers learned that there was an outstanding warrant for his arrest. When the officers attempted to arrest Lewis, he fled, was eventually tackled, apprehended, and the cocaine was discovered next to him.

For all of these reasons, we conclude that the trial court properly admitted the cocaine into evidence.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.