Phillip LIVINGSTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8701–CR–23.

Supreme Court of Indiana.

Aug. 15, 1989.

John B. Wilson, Jr., Nashville, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Phillip Livingston was convicted of the Class A felony of dealing in more than three ounces of a narcotic drug, namely heroin, I.C. 35–48–4–1, and also of possession of more than three ounces of the same narcotic, a Class C felony, I.C. 35–48–4–6. The trial court merged the two convictions into one and sentenced Livingston to the presumptive sentence of thirty years.

Appellant challenges his conviction on the grounds that the trial court improperly ruled that he had no standing to challenge on Fourth Amendment grounds the admissibility of the evidence obtained in the search which resulted in his arrest. Appellant argues that he had standing and that the search was unconstitutional and its fruits should have been suppressed at trial.

The record shows that members of the Indianapolis Police Department obtained a search warrant for the home of A.J. Woods and had it under surveillance on November 6, 1985. They observed appellant drive down the alley behind the house, and shortly thereafter two officers, who were not in uniform, approached the front door. One of the officers knocked and asked Woods through the door if he was "doing anything," meaning did he have any drugs to sell. He replied that he wasn't at that time. The officers then observed someone inside look out a window and then Woods told them that he wasn't "doing anything" and never had been. This conduct led the officers to believe that the occupants knew they were policemen. They then knocked down the door, but did not identify themselves as police officers until after the forced entry began and did not give the occupants an opportunity to voluntarily open the door. They found appellant in an upstairs bedroom where there was a substantial supply of heroin, balloons, a funnel and material used to cut the drug.

At trial, when the State attempted to introduce the evidence it found in the bedroom along with photographs taken during the raid, defense counsel objected and moved to suppress the evidence, claiming the search violated Indiana's knock and announce statute. I.C. 35–33–5–7(d). The trial court then conducted a hearing outside the presence of the jury during which defense counsel explored the details of the entry with one of the police officers and with Mr. Woods. The court then denied the motion to suppress the evidence on the grounds that appellant lacked standing to challenge the search. Later in the trial, under questioning by the State, Woods referred to the bedroom where the drugs were found as the one "where Mr. Livingston slept," and stated that when the appellant arrived at the house that evening, Woods had told him "he could go on upstairs, his room ready [sic]." Woods further testified that appellant stayed at the house sometimes but did not live there regularly.

Appellant maintains on appeal that he should be granted standing to raise a constitutional Fourth Amendment challenge to the search conducted of Mr. Woods's home. He argues that one who is charged with a possession offense is placed in the paradoxical position of having to admit a possessory interest in an area where narcotics are found for the purpose of establishing standing to challenge an illegal search, even if one had not truly been in possession of the narcotics themselves. He maintains that a person must thus risk admitting guilt to the crime to establish standing to challenge the search which produced the narcotics he is charged with possessing. Appellant therefore urges this Court to adopt the automatic standing rule first set out by the Supreme Court in *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). The *Jones* Court recognized the dilemma facing a defendant and solved the problem by conferring standing to challenge a search as unconstitutional in possession cases to anyone legitimately on the searched premises. *Id.* Alternatively, appellant argues that he has standing under the more recent standard

espoused in *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) and *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).

In *Rakas*, the Supreme Court refused to apply the automatic standing rule of *Jones* to defendants attempting to suppress evidence seized in the investigation of an armed robbery. It declared that in order to challenge a search as unconstitutional, a defendant must have a legitimate expectation of privacy in that which is searched. *Rakas*, 439 U.S. at 140, 99 S.Ct. at 429, 58 L.Ed.2d at 399. In *Salvucci*, the Court extended this rule to cases involving possessory crimes, thus effectively overturning the rule pronounced in *Jones*. *Salvucci*, 448 U.S. at 92–93, 100 S.Ct. at 2553, 65 L.Ed.2d at 628–629. While it would be constitutionally permissible for this Court to adhere to the rule of *Jones* in possession cases, and thereby refuse to narrow the rights of individuals to challenge the legality of government searches, we have not done so in past decisions. In fact, we have held that "mere possession of a searched item does not confer automatic standing to challenge the search on Fourth Amendment grounds." *Robles v. State* (1987), Ind., 510 N.E.2d 660, 663.

Furthermore, appellant's contention that a defendant faces an inequitable dilemma in being forced to admit possession to establish standing to challenge the search while needing to deny possession to avoid conviction is not on solid ground. While there may certainly be an overlap between the legitimate expectations of privacy one has in property and the control exerted over property that establishes possession, the two are by no means always coextensive. It is neither legally nor logically inconsistent for a person to be in possession of narcotics on a table in front of him while having no expectation of privacy in the larger dwelling in which the table is located. Additionally, *Jones* was based largely on the concerns of the Supreme Court that a defendant, in attempting to protect his Fourth Amendment rights, would be forced to relinquish his Fifth Amendment right to refuse to give self-incriminating testimony. This rationale was dealt a blow in *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), in which it was held that testimony at a hearing on a motion to suppress is not admissible at trial as evidence of the defendant's guilt. Thus the dilemma upon which appellant bases his argument that he should be entitled to automatic standing is virtually nonexistent.

Even so, appellant maintains that he had a legitimate expectation of privacy in Woods's home and should therefore be allowed to contest the legality of the search. The burden is on an appellant challenging the constitutional validity of a search to first demonstrate that he had such a legitimate expectation in the premises searched. *Tobias v. State* (1985), Ind., 479 N.E.2d 508, 510. In *Stout v. State* (1985), Ind., 479 N.E.2d 563, we noted that the focus of this inquiry is the control maintained over the residence by the owner and the non-owner who desires to contest the search. *Id.* at 566. Here the record indicates that appellant did not have sufficient control over the premises to warrant a finding that he had legitimate expectations of privacy. While the testimony of Mr. Woods referring to the bedroom where the drugs were found as appellant's could be construed as evidence that appellant lived at the house, it is also consistent with Woods's later statement that appellant did not live in the house on a regular basis but merely slept in the room sometimes. Woods also testified that on the evening in question he let appellant in the back door, which indicates that Livingston did not have free access to the premises. Finally, even if appellant did exhibit some control over the bedroom where the drugs were found, such control was completely defined by, subordinate to and dependent upon the will of Woods and his right to control the entire premises. *See Murrell v. State* (1981), Ind., 421 N.E.2d 638. Appellant has thus failed to demonstrate that he had any legitimate expectation of privacy in the premises searched and therefore has no interests in the premises protected by the Fourth Amendment that would allow him to challenge the constitutionality of the search.

The trial court properly admitted the evidence in question.

Because the appellant has not shown that his interests that were invaded by the search were protected under the Fourth Amendment, we do not reach the merits of his claim that the search, as conducted, was unconstitutional.

The conviction is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.