Ellis THOMAS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48S00–9802–CR–81.

Supreme Court of Indiana.

Sept. 6, 2000.

Patrick R. Ragains, Smith, Ragains & Cotton, Anderson, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Stephen K. Tesmer, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

RUCKER, Justice

### Case Summary

A jury convicted Ellis Thomas of murder, attempted murder, attempted robbery, and attempted carjacking. The trial court sentenced him to 110 years imprisonment. In this direct appeal, Thomas contends the trial court erred in introducing into evidence a letter Thomas authored and a telephone conversation recorded between Thomas and another person. We affirm.

### Facts

In the early morning hours of October 3, 1993, Marvin McCloud and Damon Nunn were seated in McCloud's car in the parking lot of an after-hours night club. Thomas, along with his brother Walter Goudy, a cousin Lamont Thomas, and an acquaintance Kaidi Harvell, saw McCloud's car and devised a plan to take the rims and tires. As McCloud began to drive away, two gunmen approached the car with handguns drawn and began firing. McCloud died as a result of a gunshot wound to the chest. Nunn survived the fusillade although he was severely injured by five gunshot wounds to the face, chest,

and leg. All four men were charged in the shootings. Under terms of an agreement, Harvell pleaded guilty to assisting a criminal. He testified at trial that Thomas and Goudy were the shooters. At a separate trial, in which Harvell also testified, Goudy was convicted of murder, attempted murder, attempted robbery, and attempted carjacking. *See Goudy v. State,* 689 N.E.2d 686 (Ind.1997).

While Goudy's case was pending, Thomas wrote a letter to the presiding judge claiming that he, and not Goudy, was responsible for shooting McCloud and Nunn. In fact, Thomas claimed that he and Harvell were the shooters. Thomas also telephoned Goudy's attorney making the same representation. The conversation was recorded. Over Thomas' objection at trial, the State introduced into evidence both the letter and the recorded conversation. Ultimately the jury returned a verdict of guilty as charged, and the trial court sentenced Thomas to 110 years in prison. This appeal followed. Additional facts are set forth below where relevant.

### Discussion

Thomas contends the trial court erred in admitting the letter and recorded conversation into evidence. He argues the State failed to lay a proper foundation for either exhibit. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Ind. Evidence Rule 901(a). When evidence establishes a reasonable probability that an item is what it is claimed to be, the item is admissible. *Lockhart v. State,* 671 N.E.2d 893, 901 (Ind.Ct.App.1996). When a trial court has made a ruling concerning the sufficiency of the foundation laid to justify the admission of evidence, we review that decision for an abuse of discretion. *State v. Walton,* 715 N.E.2d 824, 828 (Ind.1999).

#### I. *Admission of the letter*

The record shows the envelope in which the letter was contained bears a

postmark from Flagstaff, Arizona with a return address for "Mr. Ellis Thomas 112188 Arizona State Prison, Winslow." R. at 1077. Although the postmark date on the envelope is unclear, the heading of the letter bears a date of "12/06/95." R. at 1074. At the time the letter was written, Thomas was incarcerated in the Arizona State Prison located in Winslow, Arizona. The record also shows that detectives Randy Tracy and Stan Young of the Anderson Police Department traveled to Arizona and interviewed Thomas while he was incarcerated. The letter makes reference to the Tracy/Young interview. It also identified a person by the name of "Kaidi" as being involved with Thomas in the shootings. Before the letter was admitted as evidence, Kaidi Harvell testified that he was in fact present when McCloud and Nunn were shot, and that Thomas was on the passenger side of McCloud's car during the shooting. Although Harvell's testimony regarding his own involvement in the crime differs from that described in the letter, Harvell's testimony nevertheless showed that the person who authored the letter had knowledge about the events of the crime that were not likely known by anyone in the Arizona State Prison other than Thomas. Finally, the record reveals that as the letter requested, Thomas was transported from Arizona to Indiana to testify at his brother's trial. We conclude there was sufficient evidence to support a finding that Thomas authored the letter. Thus, the State laid an adequate foundation to meet the requirements for authentication. The trial court did not abuse its discretion by admitting the letter into evidence.

## II.  *Admission of the recorded telephone message*

The record shows that in July 1995 someone placed a call to the office of Goudy's trial attorney. The caller identified himself as Ellis Thomas, Jr. and said he was calling from Arizona. Although the details are not contained in the record, the call was prearranged, and the caller agreed that it should be recorded. The investigator hired by Goudy's attorney was present and questioned the caller. Through a series of questions and answers the caller gave a detailed forty-five minute statement concerning the events leading up to, during, and after the shooting. As with the letter, the caller made reference to the Tracy/Young interview and talked about his and Kaidi's involvement in the shooting. At a pre-trial hearing on a motion to dismiss the charging information, Thomas conceded that it was his voice on the recorded telephone interview.[1] Admitting the recording into evidence at trial, the trial court ruled the recording had been properly authenticated in part because of Thomas' pre-trial concession.

■ As a general rule a defendant's pre-trial testimony can be used against him at trial. *Johnston v. State*, 517 N.E.2d 397, 401 (Ind.1988). However, exceptions to this general rule have been established when a defendant raises questions involving his rights in pre-trial matters. *Id.* For example, testimony at a hearing on a motion to suppress is not admissible at trial as evidence of the defendant's guilt. *Livingston v. State*, 542 N.E.2d 192, 194 (Ind.1989). In like fashion, evidence that the defendant entered a plea agreement and withdrew it prior to

1. Thomas was actually challenging the propriety of the State filing charges against him when he returned to Indiana to testify on behalf of his brother. Indiana Code § 35–37–5–8 provides,

> If a person comes into this state in obedience to a subpoena directing him to attend and testify in a criminal prosecution in this or any other state, he shall not while in this state pursuant to such subpoena be subject to arrest or the service of process, civil, or

criminal, in connection with matters which arose before his entrance into this state under subpoena.

Thomas pursued an interlocutory appeal challenging the denial of his motion to dismiss. The Court of Appeals affirmed in a Memorandum Decision. *Thomas v. State*, No. 48A02–9604–CR–193, 674 N.E.2d 1049 (Ind.Ct.App. Dec. 16, 1996). The issues raised in that appeal are not before us here.

trial is inadmissible at trial on the charge. *Cambridge v. State,* 428 N.E.2d 1252, 1254 (Ind.1981). The exceptions were created to prevent the accused from being placed in a position of having to sacrifice one right for another. As the United States Supreme Court long ago observed, "[W]e find it intolerable that one constitutional right [under the Fifth Amendment] should have to be surrendered in order to assert another [under the Fourth Amendment]." *Simmons v. United States,* 390 U.S. 377, 394, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) (ruling defendants are protected against use of substantive evidence of their testimony offered in support of a motion to suppress evidence). In this case, the trial court's reliance on Thomas' pre-trial admission that the voice on the recording was his own was improper for purposes of authenticating the recording. Not only was Thomas asserting a statutory right, *see supra* note 1, but also the record shows that Thomas made the pre-trial admission upon cross-examination by the State. R. at 1083.

Nonetheless, the trial court did not err in admitting the recording into evidence. A caller's identity can be established by circumstantial evidence and need not be proven beyond a reasonable doubt. *Young v. State,* 696 N.E.2d 386, 389 (Ind. 1998); *King v. State,* 560 N.E.2d 491, 494– 95 (Ind.1990). As we have already indicated, when evidence establishes a reasonable probability that an item is what it is claimed to be, the item is admissible. *Lockhart,* 671 N.E.2d at 901. Independent of Thomas' pre-trial admission, the circumstantial evidence recounted above was sufficient to authenticate the recording.

## Conclusion

We affirm the trial court's judgment.

SHEPARD, C.J., and DICKSON, SULLIVAN, and BOEHM, JJ., concur.