**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**KURT A. YOUNG**
Nashville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana



FILED

Dec 10 2012, 10:37 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DARRELL WOODRUFF,          )
                          )
    Appellant-Defendant,   )
                          )
        vs.          )     No. 49A02-1203-CR-247
                          )
STATE OF INDIANA,          )
                          )
    Appellee-Plaintiff.    )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben B. Hill, Judge
Cause No. 49F18-1112-FD-85047

**December 10, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Darrell Woodruff appeals his convictions for criminal recklessness as a class D felony[1] and resisting law enforcement as a class A misdemeanor.[2] Woodruff raises one issue, which we restate as whether the trial court abused its discretion in admitting the recording of a telephone call. We affirm.

On the evening of December 2, 2011, Indianapolis Metropolitan Police Officer Andrew Tyler received a dispatch to an apartment in response to a 911 call reporting that a person had been stabbed and that the suspect was on the scene. Officer Tyler arrived at the apartment, and Duane Riding identified himself and showed the officer a small puncture wound in the center of his chest. Riding pointed to Woodruff, who was walking down a hallway away from Riding and Officer Tyler and indicated that Woodruff had cut him. Officer Tyler drew his weapon and ordered Woodruff to stop, remove his hands from his pockets, and place his hands against the wall. Woodruff initially complied, but as Officer Tyler approached, Woodruff became aggravated and took his hands off of the wall. Officer Tyler repeated the command for Woodruff to place his hands on the wall. Woodruff dropped his hands to his side, began to approach Officer Tyler quickly and in an aggressive manner, and told Officer Tyler to shoot him. Officer Tyler took a step back and repeated his command to stop, but Woodruff continued to approach. When Woodruff approached within five feet of Officer Tyler, the officer kicked Woodruff in the abdomen, pulled him to the ground, and placed him in handcuffs. Officer Tyler then

---

[1] Ind. Code § 35-42-2-2 (Supp. 2004).

[2] Ind. Code § 35-44-3-3 (Supp. 2011) (now found at Ind. Code § 35-44.1-3-1) (subsequently amended by Pub. L. No. 126-2012, §§ 53, 54 (eff. Jul. 1, 2012)).

checked Woodruff for weapons and discovered a kitchen knife with a white handle in the right pocket of Woodruff's jeans, and noticed that Woodruff was intoxicated.

On December 6, 2011, the State charged Woodruff with criminal recklessness as a class D felony and resisting law enforcement as a class A misdemeanor. At the bench trial, the court admitted into evidence as State's Exhibit VI, over Woodruff's objection on the basis that the State failed to lay a foundation, a recording of a telephone call which had been placed from the Marion County Jail. The court found Woodruff guilty as charged and sentenced him to 365 days for the class D felony and ninety days for the class A misdemeanor and ordered the sentences to be served consecutively.

The issue is whether the trial court abused its discretion in admitting the phone call recording. The admission and exclusion of evidence is a matter within the sound discretion of the trial court, and we will review only for an abuse of discretion. Wilson v. State, 765 N.E.2d 1265, 1272 (Ind. 2002). An abuse of discretion occurs "where the decision is clearly against the logic and effect of the facts and circumstances." Smith v. State, 754 N.E.2d 502, 504 (Ind. 2001). "Errors in the admission or exclusion of evidence are to be disregarded as harmless error unless they affect the substantial rights of a party." Fleener v. State, 656 N.E.2d 1140, 1141 (Ind. 1995) (citations omitted).

Woodruff contends that the trial court abused its discretion in admitting the recording because the recording was not properly authenticated, that the admission cannot be harmless, and that this court should reverse the conviction and direct the entry of a judgment of acquittal. He argues that the evidence shows that before making a collect call an inmate was required to enter a PIN, that an inmate could figure out another

3

inmate's PIN, and that the State failed to show that it was a reasonable probability that the recording was a telephone call from Woodruff. Woodruff asserts that the caller's voice was not shown to be Woodruff's voice, that it was not established that Woodruff's PIN had not been compromised, and that the State chose not to call as a witness the person who had received the call from the jail in order to authenticate the recording.

The State maintains that the court did not abuse its discretion in admitting the recording and that there was ample evidence to identify the caller as Woodruff. The State points to the fact that the custodian of the call recordings testified that the inmate information for State's Exhibit VI was written on the disk. The State also argues that Woodruff identified himself at the beginning of the call and provided information during the conversation that revealed himself to be Woodruff, namely, stating the victim's first name two times, that he had been drinking that night, that he had a knife, that he had been incarcerated since Friday, which was the date Woodruff had been arrested, that his bond was in the amount of $30,000, and that he had been charged with criminal recklessness.

Ind. Evidence Rule 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Absolute proof of authenticity is not required. Fry v. State, 885 N.E.2d 742, 748 (Ind. Ct. App. 2008), trans. denied. When evidence establishes a reasonable probability that an item is what it is claimed to be, the item is admissible. Thomas v. State, 734 N.E.2d 572, 573 (Ind. 2000). When a trial court has made a ruling concerning the sufficiency of the foundation laid to justify the admission of evidence, we review that decision for an abuse

of discretion.  Id. (citing State v. Walton, 715 N.E.2d 824, 828 (Ind. 1999)).  Ind.

Evidence Rule 901(b) provides "[b]y way of illustration only, and not by way of

limitation, the following are examples of authentication or identification conforming with

the requirements of this rule" and includes:

> Telephone conversations.  Telephone conversations, by evidence that a call was made to the number assigned at the time by the telephone company to a particular person or business, if (i) in the case of a person, circumstances, including self-identification, show the person answering to be the one called, or (ii) in the case of a business, the call was made to a place of business and the conversation related to business reasonably transacted over the telephone.

Ind. Evidence Rule 901(b)(6).

The record reveals that State's Exhibit VI is labeled "Inmate: Darrell Woodruff"

and also includes the information "Date: 12/06/2011" and "Time: 10:17."  The State

called Lieutenant Bryce Wolf of the Marion County Sheriff's Office as a witness, and

Lieutenant Wolf testified that he is the custodian and designated keeper of records for the

inmate telephone system, that State's Exhibit VI is a compact disc on which an inmate

telephone call had been burned, that the handwriting on the disc was his handwriting, that

inmates are required to enter an eleven-digit PIN which is comprised of the person's

booking number and month and day of birth, and that the PIN and booking numbers are

unique for each stay in the jail.

The recording of the jail phone call reveals that the caller placed a collect call,

identified himself in doing so as Darrell Woodruff, referred to the victim as Duane at

least two times, and indicated that Duane had stolen his leather coat.  Further, the caller

stated that he had been drinking at the time of the altercation, that he had a knife, that he

thought he was being held for criminal recklessness, that he had been locked up since Friday night, and that his bond had been set in the amount of $30,000. The caller also stated that his court date was the following day in courtroom 18.

Officer Tyler testified that Duane Riding identified himself as the victim and that a search using Riding's name and date of birth indicated that Riding had a valid driver's license confirming his identity. Officer Tyler further testified that Woodruff was intoxicated at the time he was taken into custody and that Officer Tyler had discovered a small knife in Woodruff's pocket. The record shows that Woodruff was arrested on December 2, 2011, which was a Friday, and that the proceedings against Woodruff occurred in Marion County Superior Court, Criminal Division, Room 18. Further, the chronological case summary indicates that the trial court ordered that bond be set in the amount of $30,000, that a hearing was held on the morning of December 7, 2011, and Woodruff was charged with criminal recklessness as a class D felony.

Based upon the record, we conclude that the State established a reasonable probability that the recording is what it is claimed to be, a recording of a phone call by Woodruff, and the trial court did not abuse its discretion in admitting the recording into evidence. See Thomas, 734 N.E.2d at 574 (holding that the trial court did not err in admitting a recording of a phone call into evidence and that the circumstantial evidence was sufficient to authenticate the recording and noting in part that the caller identified himself, gave a detailed statement concerning the events leading up to, during, and after a shooting, and made reference to his involvement in the shooting).

For the foregoing reasons, we affirm Woodruff's convictions.

Affirmed.

BAILEY, J., and VAIDIK, J., concur.