## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 26 2019, 7:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Darren Bedwell
Valerie K. Boots
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven Lamont Cunningham, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | August 26, 2019 <br><br> Court of Appeals Case No. 18A-CR-2988 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Jose D. Salinas, Judge <br><br> Trial Court Cause No. 49G14-1804-F6-12533 |

**Kirsch, Judge.**

[1] Steven Lamont Cunningham ("Cunningham") brings this permissive interlocutory appeal of the denial of his motion to suppress, which had asked

the trial court to exclude from evidence pills that police seized from the car in which Cunningham was a passenger. Cunningham raises several issues regarding the seizure of the pills, but we find as dispositive the following issue raised by the State: whether Cunningham had standing to challenge the seizure of the pills.

We affirm.

## Facts and Procedural History

On August 27, 2018, Officer Lane Cooper ("Officer Cooper") of the Indianapolis Metropolitan Police Department pulled over a white Chevy Tahoe for speeding. *Tr. Vol. II* at 7-9. Derrick House ("Derrick") was the driver of the vehicle, which was registered to Julia House ("Julia"), Derrick's sister, and Cunningham was the front seat passenger. *Id*. at 10-12, 15. Officer Cooper obtained Derrick's and Cunningham's identification and discovered an open warrant for Cunningham's arrest. *Id* at 9-10, 15. Officer Cooper re-approached the vehicle on the passenger side, asked Cunningham to step out of the vehicle, and arrested him. *Id*. at 15. When Cunningham stood up, Officer Cooper noticed six oblong pills on the passenger seat. *Id*. After walking Cunningham back to the police car, Officer Cooper returned to the vehicle and seized the pills, which were later determined to contain hydrocodone. *Id*. at 15-16; *Appellant's App. Vol. II* at 9. Cunningham denied that the pills were his. *Id*. at 16.

On April 18, 2018, the State charged Cunningham with Level 6 felony possession of a narcotic drug.[1] *Appellant's App. Vol. II* at 10. On July 2, 2018, Cunningham filed a motion to suppress, and on August 27, 2018, the trial court heard the motion. *Id.* at 38-39; *Tr. Vol. II* at 1-29. In denying the motion, the trial court found that Cunningham had standing to challenge the seizure of the pills but ruled the seizure did not violate Cunningham's rights. *Tr. Vol. II* at 28-29. Cunningham now appeals.

## Discussion and Decision

Cunningham first contends that Officer Cooper did not have probable cause to seize the pills and have them tested. Second, he argues that the seizure of the pills was not justified by the exception to the warrant requirement for searches incident to an arrest. Third, he claims that the seizure of the pills was not reasonable under the Indiana Constitution.

We do not reach these issues because we agree with the State that Cunningham has failed to demonstrate that he had standing to challenge the seizure of the pills. *See Livingston v. State*, 542 N.E.2d 192, 194 (Ind. 1989). Fourth Amendment rights are personal and may not be vicariously asserted. *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978); *Allen v. State*, 893 N.E.2d 1092, 1096 (Ind. Ct. App. 2008), *trans. denied*. A defendant must demonstrate a legitimate expectation of privacy in the item that is searched. *Livingston*, 542 N.E.2d at

---

[1] *See* Ind. Code § 35-48-4-6(a).

194; *Allen*, 893 N.E.2d at 1096. A defendant "aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by the search of a third person's premises has not had any of his Fourth Amendment rights infringed." *Rakas*, 439 U.S. at 134. In reviewing whether an expectation of privacy exists, we look to whether a defendant has control over or ownership in the area to be searched. *See Lee v. State*, 545 N.E.2d 1085, 1091 (Ind. 1989). "Passengers in a car driven by the owner do not have standing to challenge a search of the car." *Campos v. State*, 885 N.E.2d 590, 598 (Ind. 2008) (citing *Pollard v. State*, 270 Ind. 599, 604, 388 N.E.2d 496, 502 (1979) (quoting *Rakas*, 439 U.S. at 148)). "[F]ederal precedent addressing standing of a passenger asserting an interest in a searched vehicle is equally applicable under the Indiana Constitution." *Campos*, 885 N.E.2d at 598.

[7] Here, Cunningham lacked standing to challenge the search and seizure of the pills because he has failed to demonstrate that he had a legitimate expectation of privacy in the vehicle. *See Livingston*, 542 N.E.2d at 194. Cunningham did not have control or ownership of the vehicle because it belonged to a third person, Julia. *See Rakas*, 439 U.S. at 134; *Lee*, 545 N.E.2d at 1091. Thus, as a passenger in a car that belonged to another person, Cunningham lacked standing to challenge the seizure of the pills under both the United States and Indiana Constitutions. *See Campos*, 885 N.E.2d at 598.

[8] Affirmed.

Baker, J., and Crone, J., concur.