## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 31 2020, 12:45 pm

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark F. James
Anderson, Agostino & Keller P.C.
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Malik Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 31, 2020

Court of Appeals Case No.
19A-CR-2026

Appeal from the St. Joseph
Superior Court

The Honorable Julie Verheye,
Magistrate

Trial Court Cause No.
71D08-1510-CM-4056

**Baker, Judge.**

[1] Malik Johnson appeals his conviction for Class A Misdemeanor Theft,[1] arguing that the trial court erroneously admitted certain evidence and, as a result, the evidence is insufficient to support the conviction. Finding no error and sufficient evidence, we affirm.

## Facts

[2] In May 2015, Jonathan Steele saw an ad for a Ford Taurus posted in a Facebook group named "Northern Indiana 'cheap cars and trucks' $1000 or less[.]" Tr. Ex. 1. The ad was posted by a Facebook profile under the name of "Counting Blessings[.]" Tr. Ex. 1. Steele contacted the Counting Blessings profile, and the person who owned the profile, later identified as Johnson, agreed to accept payments rather than payment in full and to meet so that Steele could see the vehicle and make a first payment of $400.

[3] Steele and his mother drove to South Bend to meet Johnson. They inspected the vehicle and Steele gave Johnson $400 in cash. Johnson did not give Steele the keys to the vehicle or a bill of sale. Johnson, who was still in the Taurus, asked Steele to follow him to a gas station. Steele refused and asked Johnson to exit the car since he had already paid Johnson $400. In response, Johnson drove away in the Taurus with the $400. Steele later tried to contact Johnson through Facebook, but was unsuccessful because Johnson had blocked him.

---

[1] Ind. Code § 35-43-4-2(a).

[4] Later that day, Steele filed a police report. The case was assigned to South Bend Police Department Detective John Hall. Steele gave Johnson's name to Detective Hall. Detective Hall retrieved a screen shot of the Counting Blessings Facebook profile page, which depicted a photograph of a man and a young child; that photo was the same profile picture as the Counting Blessings profile that had posted the ad for the Taurus. Detective Hall then submitted a request to the Bureau of Motor Vehicles for a copy of Johnson's driver's license. He was able to confirm that the photo on the driver's license was the same individual in the Counting Blessings profile picture.

[5] On July 20, 2015, Detective Hall met with Johnson. After waiving his rights, Johnson confirmed that he had posted a picture of a vehicle that was for sale on Facebook and that he was contacted by people wanting to make payments on that vehicle.

[6] On October 26, 2015, the State charged Johnson with Class A misdemeanor theft. A bench trial took place on August 1, 2019.[2] At trial, the State offered into evidence a screenshot of the Ford Taurus Facebook ad as Exhibit 1. It was admitted into evidence without objection. Detective Hall explained that after he looked at the ad, which was posted by the Counting Blessings Facebook profile, he then went to the Counting Blessings profile itself. The State offered into evidence a screenshot of that profile. Johnson objected, arguing that

---

[2] The record does not reveal the reason for the lengthy delay.

Detective Hill was unable to authenticate the document because he was neither the author nor the subject of the document. The trial court overruled the objection and admitted the screenshot into evidence as Exhibit 2, explaining as follows:

> [B]ased on the document that's in State's Exhibit 1 there's a photograph up in the top upper left corner of State's Exhibit 1. That same photograph, which contains a photograph of a man and a younger child is on the same—it's the same photograph that appears on State's Exhibit 1 and State's Exhibit 2.

Tr. Vol. II p. 17. Detective Hall also identified Johnson in court as the same person he had spoken to who had told the detective that he had posted the ad regarding the vehicle on Facebook. At the close of the trial, the trial court found Johnson guilty as charged. The trial court sentenced Johnson to thirty days, fully suspended to probation, to be served consecutively to a sentence in another cause. The trial court also ordered Johnson to pay $400 in restitution and allowed early termination of probation upon payment of restitution. Johnson now appeals.

# Discussion and Decision

[7] Johnson primarily argues that the trial court erred by admitting Exhibit 2 into evidence.[3] The admission or exclusion of evidence falls within the sound

---

[3] Johnson also appears to attempt to raise, for the first time, an argument that he was denied due process based on the pretrial process used to identify him. He has waived this argument by failing to raise a

discretion of the trial court, and we will reverse only when the trial court's ruling is clearly against the logic and effect of the facts before it. *Turner v. State*, 953 N.E.2d 1039, 1045 (Ind. 2011).

[8] The authentication of evidence is governed by Indiana Evidence Rule 901(a), which explains that the authentication requirement is satisfied by evidence "sufficient to support a finding that the item in question is what the proponent claims it is." Certain proof of authenticity is not required; instead, all that is required is evidence establishing "a reasonable probability that an item is what it is claimed to be[.]" *Thomas v. State*, 734 N.E.2d 572, 573 (Ind. 2000). Distinctive characteristics such as "[t]he appearance, contents, substance, [and] internal patterns," of the item, taken together with the surrounding circumstances, satisfies the authentication requirement. Evid. R. 901(b)(4).

[9] Here, Detective Hall explained that he first examined the Facebook ad, which had been posted by the Counting Blessings profile. Detective Hall then examined the Counting Blessings profile page itself. He explained that Exhibit 2 was an accurate copy of the Counting Blessings profile page that he had viewed during his investigation. Additionally, the trial court observed that it was clear that the photograph in the Counting Blessings profile page matched the photograph contained in Exhibit 1, which had been admitted without

---

contemporaneous argument when Detective Hall testified. He has also failed to make a cogent argument on appeal. Regardless, there is no evidence of a show-up identification or that Detective Hall used an unnecessarily suggestive procedure to enable Steele to identify Johnson. Therefore, this argument is unavailing.

objection. We find that Detective Hall's testimony, as well as the appearance, contents, and substance of Exhibit 2, sufficiently authenticated the exhibit. Therefore, the trial court did not err by admitting Exhibit 2 into evidence.

[10] Even if the admission had been erroneous, however, the error would have been harmless because there is sufficient evidence supporting Johnson's guilt without Exhibit 2. Specifically, the following evidence supports the conviction:

- It is undisputed that *someone* took $400 from Steele and did not provide a vehicle in exchange for the money.
- Steele provided Johnson's name to Detective Hall.
- Detective Hall compared the photo from the Facebook ad to Johnson's driver's license photo and confirmed that it was the same individual.
- Johnson admitted that he had, in fact, posted an ad on Facebook to sell a vehicle.

In other words, even without Exhibit 2, a reasonable factfinder could conclude, based on this evidence and the reasonable inferences that may be drawn therefrom, that Johnson is guilty as charged. Consequently, we affirm.

[11] The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concur.